## Britton's Admr. v. Samuels.
## Britton, et al. v. Samuels.
## Britton, et al. v. Samuels.

(Decided April 13, 1911.)

## Appeals from Mercer Circuit Court.

Action for Death of Person—Wrongful Sale of Liquors—Negligence—Knowledge of Seller—Provision of Statute—Notice.—In an action for damages for the death of one caused by the use of intoxicating liquors alleged to have been illegally sold, while the sale was contrary to law, it may have been intended for a purpose beneficial to deceased, and in the absence of an allegation that it was made for the purpose of injuring him, or with knowledge that he intended to drink enough to produce injury or death, or that the seller had reasonable grounds to believe that .deceased could not be safely trusted with whisky, it cannot be said that the act of making the sale was wrongful in the sense in which the word is used in the statute, and no cause of action was stated under Section 6, nor was the notice provided for in Section 1307 given, and the giving of that notice is a condition precedent to the successful prosecution of such an action.

EMMET PUYEAR, ROBERT HARDING and E. M. HARDIN·for appellants.

J. F. VANARSDALL and E. H. GAITHER for appellee.

Opinion of the Court by Judge Lassing—Affirming.·

These three suits grow out of the same state of facts and are considered together. The petitions allege that, in February, 1909, the defendant, H. E. Samuels, wrongfully furnished to Fred Britton spirituous liquors and mixtures thereof, which he drank and from the effects of which he died; that the said Britton was an inebriate, and intoxicated at the time the liquors were furnished him, and that these facts were known to the defendant; that the city of Harrodsburg and Mercer county, where the transaction took place, was local option territory, and that, because the said sales were prohibited by law, they were therefore wrongful, and that as death resulted from the use of said alcoholic liquors so sold and furnished, the defendant is liable in such damages for furloss as the heirs-at-law of decedent have sustained by reason of his death. A demurrer was sustained to each of these petitions, and this appeal is prosecuted to test the correctness of the trial court's ruling upon this point.

It is the contention of the appellants that, under Sec. 6 of the Kentucky Statutes, enacted pursuant to the authority expressly given in Sec. 241 of the Constitution,

they have a right to maintain these suits; that the sale of alcoholic liquor in prohibition territory was a wrongful act; and that, as it resulted in death, the case comes clearly within the statute cited. So much of this statute as is claimed to be applicable is as follows:

"Whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then in every such case damages may be recovered for such death from the person or persons, company or companies, corporation or corporations, their agents or servants, causing the same."

This statute was, as stated, passed to carry out the provisions of Sec. 241 of the Constitution, which is as follows:

"Whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then, in every such case, damages may be recovered for such death, from the corporations and persons so causing the same. Until otherwise provided by law, the action to recover such damages shall in all cases be prosecuted by the personal representative of the deceased person. The General Assembly may provide how the recovery shall go and to whom belong; and until such provision is made the same shall form part of the personal estate of the deceased person."

It is the contention of the appellant that, under the provisions of the Constitution and the statute above quoted, the administrator had a right to maintain this suit, if it is such an act as will support a cause of action. But that if it should be held that the administrator had no right to sue, then under Sec. 1307 of the Kentucky Statutes the children had a right to maintain the suit. This section is as follows:

"Any person who shall sell, lend, give, procure for, or furnish spirituous, vinous, or malt liquors, or any mixture of either, knowingly, to any person who is an inebriate or in the habit of becoming intoxicated. or drunk by the use of any such liquors, or who shall suffer or permit any such person to drink any such liquors in his barroom, saloon, or upon the premises under his control, or in his possession, shall be fined for each offense, fifty dollars, and the person so offending, together with the sureties on his bond, if he has executed a bond to enable him to sell liquor, be liable to a civil action for damages by the wife, or the father, or the mother, or the child of such inebriate, or person so in the habit of becoming in-

toxicated or drunk, in which punitive damages may be assessed; but the person so selling shall not be liable in a civil action to the wife, father, or other relation, unless written notice forbidding such sale has been given the person so selling prior to the offense complained of, and such action shall be brought within one year from the time the cause of action has accrued, and not after.''

It is conceded that no notice was given as provided for in this section. For appellants it is shown that the infants were two and four years of age respectively, and hence incapable of giving notice, and it is urged that this fact should not deprive them of the benefit of the statute; that the legislature, in providing for this notice, could not have contemplated the imposition upon infants, —the performance of an act which it must have known they would be wholly incapable of performing; that a fair construction of the act would be that the notice provided for should be given by anyone seeking to benefit by its provisions capable of giving the notice; but that where the persons entitled to its benefits are incapable, by reason of their extreme youth or lack of mental capacity, of giving the notice, this provision of the statute is not mandatory.

The aid of neither of the statutes here under consideration has heretofore been invoked in a case of this character. In Howard's Admr. v. Hunter, 31 Rep. 1092, this court held that a recovery might be had upon the part of the administrator where death was caused by a wrongful shooting, and, in considering the question, it was said:

''It was the manifest intention of the constitutional provision quoted to allow an action to be maintained whenever the death of a person was caused by the negligent or wrongful act of another; and it is not within the power of the legislature to deny this right of action. The section is as comprehensive as language can make it. The words 'negligence' and 'wrongful act' are sufficiently broad to embrace every degree of tort that can be committed aginst the person. * * * A wrongful act may be criminal, willful, wanton or reckless. In short, every injury inflicted upon the person without legal right or excuse is a wrongful act without reference to the relation existing between the perpetrator and his victim.''

And again in the case of Randolph's Admr. v. Snyder, 139 Ky. 159, in holding that a recovery could be had against a physician for the improper treatment of a patient, this court said:

"By section 6 of the Kentucky Statutes, which follows section 241 of the Constitution, whenever the death of a person results from an injury inflicted by negligence or wrongful act, damages may be recovered therefor. The statute is remedial and should be liberally construed to effectuate its objects. It applies no less to an injury inflicted by an overt act than to those resulting from the neglect of a legal duty."

These are the only authorities in this State in which this question has been raised. In each case the negligence or wrongful act which was made the basis of the suit was one committed against the person of deceased. In the one case he was shot and in the other improperly treated. The case under consideration is analagous to neither. Here the wrongful act complained of was the violation of the liquor law. It was not the commission of any wrongful act toward the person of the deceased, or the neglect or failure to discharge any duty which the defendant owed to him.

The unlawful or wrongful act was the sale of the liquor, but death was produced, not by the sale, but by the drinking thereof by deceased. The proximate cause of the death, therefore, was not the wrongful or unlawful act complained of. The sale, while contrary to law, may have been intended for a purpose really beneficial to deceased, and in the absence of an allegation that the sale was made for the purpose of injuring him, or with the knowledge that he intended to drink of it to such an extent as to produce injury or death, or that he had reasonable grounds to believe that deceased could not be safely trusted with the whiskey, it cannot be charged that the act of making the sale to deceased was wrongful in the sense in which the word is used in the statute under consideration, any more than it would have been wrongful for appellee to have sold him a pistol, or rough on rats, or other poisonous substance, and after making the purchase he had shot himself or taken the poison with suicidal intent. The sale in neither case would have been the proximate cause of the death.

We are of opinion that no cause of action was stated against appellee under article six. And, as it is admitted that no notice as provided for by Sec. 1307 was given by any one, no cause of action is presented in the petition of either of the children suing under said section. The notice provided for in this section is a condition prerequisite to the successful prosecution of a suit. In Eilke

v. McGrath, 100 Ky. 537, it was held indispensably neces-
sary in a proceeding under this statute that the notice
should be served upon the one to be affected by it, and in
concluding the opinion the court said:

"The statute is highly penal in nature, and to enable
one to maintain an action under it, its requirements
should be strictly pursued."

Under the facts pleaded no cause of action was stated,
and the court correctly sustained a demurrer to the peti-
tion. Judgment in each case affirmed.