## The Pullman Co. v. Ward.

(Decided May 18, 1911.)

Appeal from Kenton Circuit Court
(Common Law and Equity Division).

Actions—Conflicting Actions—Action in State Court by Father for Son's Services, Separate Action in U. S. Court by Mother for Son's Benefit—An action against the Pullman Company by a father for damages for the loss of his son's services during minority, by reason of having his legs cut off by the negligence of the said company, cannot be defeated by reason of a previous judgment recovered against the railroad company by his mother in the United States court, which judgment in the United States court was in favor of and for the benefit of the son for the loss of his legs, while the father's suit was for the loss of his son's services during his minority, and this action was pending in the State court at the time of the action in the United States court.

MARTIN M. DURRETT for appellant.

MYERS & HOWARD for appellee.

OPINION OF THE COURT BY JUDGE NUNN—Affirming.

This is the second appeal of this case. The opinion on the first appeal may be found in 138 Ky., 554. On the first trial in the lower court, a peremptory instruction was given in behalf of appellant upon the idea that as the railroad company received the car from the Pullman Company, it was alone responsible to its employes for injuries received by the handling and use of it, as appellant had no contractual relation with appellee, it was not responsible to him. This court took a different view of the matter and said that as the Pullman Company had manufactured and delivered to the railroad company a car with the brake rod constructed in an im-

minently dangerous manner which it knew at the time was so constructed, and concealed the defect with paint; that as it knew the use to which the car would be put and that the employes of the railroad company who used the brake on the car would be placed in an imminently dangerous place by reason of the defective brake, of losing their lives or suffering great injury, that it was responsible for the injury occasioned thereby.

Appellant claims that the case of Logan v. C., N. O. & T. P. Ry. Co., &c., 139 Ky., 202; 129 S. W., 575, was a case similar to this one and that the opinion in that case is conclusive as to the non-liability of appellant in the case at bar. The facts of the two cases are different. In that case the defect in the brake staff was patent to all, and at least two of the employes of the Barytes Company knew that it was in such a condition that it could not be used at all, but moved the car anyway. If the C., N. O. & T. P. Ry. Co. or its agents in charge of the car had known in this case, of the defective condition of the brake rod a different rule of law would apply, but neither of them knew it as appellant's agent had painted the defect so that it could not be discovered without the exercise of great care.

On a return of the case to the lower court, appellant offered to file an amended answer pleading a judgment obtained in the United States Court in favor of the son by his mother and appellee as his next friends, in bar of appellee's right to recover in this case. The judgment recovered in the United States Court was in favor of and for the benefit of the son for the loss of his legs, and the father brought the suit at bar to recover for the loss of the son's services during his minority, which was not litigated in the other action, and this action was pending in the State Court at the time of the trial of the other one in the United States Court. We are unable to see how that judgment can be a bar to a right to recover in this action.

Appellant claims that the evidence upon the last trial showed a state of facts different from those shown upon the first, in two particulars: First, it was shown that the railroad company had an agent at the place the car was constructed, to examine, investigate and receive it. This is true, but it makes no material difference for it only shows that appellant was able to pass this immi-

nently dangerous car over the inspection of an experienced agent. The second claim of difference is that there was introduced as evidence upon the last trial the petition in the case tried in the United States Court, which showed that the appellee in the case at bar, charged as one of the next friends of the son, in the action in the United States Court, "that the railroad company knew of the defect in the brake or could have ascertained same by the use of ordinary care." It is claimed that appellee herein stated that the railroad company "knew of that defect," and that he is bound and concluded by that statement which, according to the Logan case, supra, exonerates appellant. It is true that a party to an action is bound by the statements in his pleadings which are presumed to be within his knowledge, but this is not such a case. The allegation shows itself that he did not make the statement that the railroad company knew positively that the brake rod was defective, for immediately following it is the statement, "or could have known it by the exercise of ordinary care." Appellant claims that this was all the evidence upon that point, and, therefore, the jury should have been bound by it and not allowed to disregard it. It is shown that the brake was in evidence before the jury for its inspection, and they had a right to and possibly did conclude from the appearance of the brake in the rod and the paint in the crack which covered the defect that the railroad company nor its agent knew of the defect and could not have known of it by the exercise of ordinary care. The position of appellant is about this: We committed a wrong and fraud by constructing this brake rod and concealing the defect in the manner stated, but we should be relieved from the liability because the railroad company accepted the car and failed to exercise sufficient diligence to detect the fraud before appellee was injured.

In the Logan case, supra, the court quoted with approval from the case of Mastin v. Lavegood, 47 Kan., 36, 27 Am. St. Rep., 277, the following:

"There is a marked distinction between an act of negligence imminently dangerous and one that is not so, the guilty party being liable in the former case to the party injured, whether there was any relation of contract between them or not, but not so in the latter case."

This rule is applicable to the case at bar; the only difference between that case and the one at bar being that the rod was not only imminently dangerous, but the defect which rendered it so was concealed.

For these reasons, the judgment of the lower court is affirmed.