Mary Ellen NALLY, Adm'x of the Estate of Lawrence Nally, Appellant,

v.

Dave BLANDFORD et al., Appellees.

Court of Appeals of Kentucky.

June 22, 1956.

Sam Cooper Hill, Lebanon, Victor L. Kelly, Bardstown, for appellant.

Henry G. Boldrick, Lebanon, H. M. Grigsby, Springfield, for appellees.

HOGG, Judge.

This is an appeal from a judgment rendered in favor of appellees, Dave Blandford and Dick Blair, upon a motion to dismiss the complaint, in an action brought by the administratrix of the estate of Lawrence Nally for his alleged wrongful death, KRS 411.130, resulting from decedent's drinking an excess quantity of whiskey. The complaint was dismissed as to Blandford and Blair on the ground that it did not state a claim on which relief could be granted.

The complaint alleges that Blandford, while acting within the scope of his employment as an agent of Blair, who had a license to sell both package liquors and malt beverages, sold a quart of whiskey to the deceased for the purpose of injuring him, when he was in an intoxicated condition and when the seller should have known that deceased could not be safely trusted with the whiskey. The deceased, prior to the

purchase of the whiskey, had made a bet with one Buckler that he could consume all of the quart of whiskey without stopping. The object for which the deceased had bought the whiskey was known to Blandford, and it was sold to him with the knowledge that he intended to drink the entire contents of the quart of whiskey. The deceased drank on the premises almost all of the quart of whiskey without stopping, and, as a result, died the following day.

■ Section 411.130, KRS, provides that whenever the death of a person results from an injury inflicted by negligence or wrongful act of another, damages may be recovered in a suit by the personal representative. It is well settled that KRS 411.130 gives the personal representative the same cause of action that the deceased would have if he himself had brought the action.

The wrongful acts of which the appellant complained were the unlawful sale of the quart of whiskey to deceased while he was intoxicated, or appeared to be intoxicated, as denounced by penal statute KRS 244.080, together with the fact that the sale was made for the purpose of injuring him, since it was known that due to the bet he had made he would imbibe the quart of whiskey without stopping.

■■ Some states have statutes which provide, in substance, for liability on the part of persons selling intoxicating liquors to intoxicated persons, whether the injury be to the buyer or a third person. These statutes are generally known as civil damage statutes. Kentucky has no such statute. The common law affords no liability for injury for death following the mere sale of liquor to an ordinary man, either on the theory that it is a wrong or on the ground that it is negligence. The sale of liquor when lawful, as it is at common law, is neither an injury to nor an act directed at the purchaser. 30 Am. Jur., Intoxicating Liquors, section 607.

In the case of Britton's Adm'r v. Samuels, 143 Ky. 129, 136 S.W. 143, 144, 34 L.R.A.,N.S. 1036, the allegations of the petition were that Samuels sold liquor to Britton, who was known to be an inebriate and intoxicated at the time of the sale. Britton died as a result of drinking the liquor. Suit was brought by the personal representative under the wrongful death statute, similar to the one in effect now, alleging that the wrongful act was the sale of the liquor in local option territory, a violation of the penal statutes. We held that the wrongful act complained of—the sale of the liquor in dry territory—was not the proximate cause of the death. It was not the commission of any wrongful act toward the person of the deceased. The death was produced by the drinking of the liquor. The following language was used in that opinion:

> "The unlawful or wrongful act was the sale of the liquor, but death was produced, not by the sale, but by the drinking thereof by deceased. The proximate cause of the death, therefore, was not the wrongful or unlawful act complained of. The sale, while contrary to law, may have been intended for a purpose really beneficial to deceased, and in the absence of an allegation that the sale was made for the purpose of injuring him, or with the knowledge that he intended to drink of it to such an extent as to produce injury or death, or that he had reasonable grounds to believe that deceased could not be safely trusted with the whisky, it cannot be charged that the act of making the sale to deceased was wrongful in the sense in which the word is used in the statute under consideration, * * *."

■ When we consider the allegations of the complaint, which we must accept as true in passing upon whether they were sufficient to state a claim for relief, we conclude they were sufficient in view of what we said in the Britton case.

In such a case as this, the test of causation is: Was the injury and death the natural and probable consequence of the wrongful acts, and ought they have been foreseen in the light of the attending circumstances? See Waller's Adm'r v. Collinsworth, 144 Ky. 3, 137 S.W. 766, 44 L.R.A.,N.S., 299. We think it is reasonable to conclude from the bare allegations of the complaint that, since the vendor knew when he sold the liquor to the intoxicated person that such person intended to drink all of it without ceasing and that the vendee could not be safely trusted with it, the vendor could reasonably foresee that death might result. Thus, it is concluded that the unlawful sale in violation of law was the proximate cause of the death, especially so since it was alleged that the sale was made to the deceased for the purpose of injuring him. Britton's Adm'r v. Samuels, 143 Ky. 129, 136 S.W. 143.

In many of the cases in other jurisdictions which deny recovery in actions predicated on the fact that the sale was unlawful, it is reasoned that the deceased was guilty of contributory negligence in imbibing the whiskey, as a matter of law. 30 Am.Jur., Intoxicating Liquors, section 607. The fair import of the allegations of the complaint is that the vendor of the whiskey sold it to the deceased with the intention of injuring him. The basis of this action, as shown by the complaint, is that the appellees committed an intentional wrongful act, and not a negligent one. Therefore, the defense of contributory negligence would not apply here.

The complaint stated a claim for relief against the owner of the liquor store, as well as against the servant. 35 Am.Jur., Master and Servant, section 532.

The lower court should have overruled the motion to dismiss the complaint. The judgment is reversed for proceedings not inconsistent with this opinion.