**FORD MOTOR COMPANY et al., Appellants,**

**v.**

**Thomas Wilford ATCHER, etc., Appellees.**

Court of Appeals of Kentucky.

May 31, 1957.

Rehearing Denied March 21, 1958.

Faurest & Montgomery, Elizabethtown, J. Howard Holbert, Elizabethtown, for appellants.

Hatcher & Lewis, Elizabethtown, J. R. Watts, Brandenburg, for appellees.

Charles I. Dawson, Louisville, amicus curiae.

CULLEN, Commissioner.

Thomas Atcher, a small boy, fell from his mother's automobile and was injured when the left rear door came open while the automobile was being driven along the highway. The accident occurred on January 23, 1949. The automobile, a 1949 Mercury four-door sedan, had been purchased new from Elizabethtown Lincoln-Mercury, Inc., on June 4, 1948. Through his mother as next friend, Atcher brought action for damages against Elizabethtown Lincoln-Mercury, Inc., and the Ford Motor Company, alleging that the automobile was defective and that they were negligent in its manufacture and sale. Upon a jury verdict judgment was entered for the plaintiff in the amount of $20,276, to be paid equally by the two defendants. The defendants have appealed, maintaining that they were entitled to a directed verdict.

In C. D. Herme, Inc. v. R. C. Tway Company, Ky., 294 S.W.2d 534, 537, this Court chose to depart from its former rule of limited manufacturer's liability and recognized as proper the rule stated in the Restatement of the Law of Torts, Sec. 395, which is:

> "A manufacturer who fails to exercise reasonable care in the manufacture of a chattel which, unless carefully made, he should recognize as involving an unreasonable risk of causing substantial bodily harm to those who lawfully use it for a purpose for which it is manufactured and to those whom the supplier should expect to be in the vicinity of its probable use, is subject to liability for bodily harm caused to them by its lawful use in the manner and for a purpose for which it is manufactured."

For the purposes of this opinion we will assume that the correct rule governing the dealer's liability is as stated in the Restatement of the Law of Torts, Sec. 402, 1948 Supplement, to-wit:

> "A vendor of a chattel manufactured by a third person, who neither knows nor has reason to know that it is, or is likely to be, dangerous, is not subject to liability for harm caused by the dangerous character or condition of the

chattel even though he could have discovered it by an inspection or test of the chattel before selling it."

On the liability of a dealer in *used* cars, compare Gaidry Motors v. Brannon, Ky., 268 S.W.2d 627; and Armour v. Haskins, Ky., 275 S.W.2d 580.

The plaintiff's proof was designed to show two defects in the automobile; one consisting of an excessively long plunger or pin in the latch mechanism of the left rear door, which could result in the door failing to latch on some occasions, and the other consisting of a warped frame throwing the body out of line so that the doors did not fit properly in the door frames.

It is reasonably clear from the evidence that it was a combination of the two defects that caused the left rear door to come open on the occasion in question. However, as we view the case, the exact cause of the door's coming open is not important.

■ We will assume (although the question is not free from doubt) that both the manufacturer and the dealer were chargeable with knowledge of the defects. However, of controlling significance is the fact that Mrs. Atcher had equal or greater knowledge that the doors of the car were not functioning properly. Two weeks after she purchased the car, the right rear door came open. She had it repaired but made no effort to ascertain the cause of the trouble. In December 1948, about one month before the accident, the left front door came open, and temporarily she tied it with string to keep it shut. She had this door repaired also, but again did not ask that the doors generally be checked or tested. The left rear door, for some six months before the accident, had showed a tendency to "bind," and was hard to shut and open. It was necessary to slam the door several times in order to close it. Nevertheless, Mrs. Atcher never complained to the dealer about this door, and did not endeavor to determine the cause of the trouble or to have the door repaired. Accordingly, we have a situation in which Mrs. Atcher continued to operate the car in daily use knowing that the doors could not be depended upon to function properly. Clearly this was negligence on her part.

Since Mrs. Atcher's negligence cannot be imputed to the child, the question is whether her negligence was an intervening cause such as to relieve the manufacturer and the dealer of liability.

■ In Olds Motor Works v. Shaffer, 145 Ky. 616, 140 S.W. 1047, 1052, 37 L.R.A., N.S., 560, this Court said:

"Where the purchaser of an article knows that it is unsafe or dangerous, and with knowledge of this fact invites or permits a third party to use it, and the third party is injured, he cannot maintain an action for tort against the maker. * * * the maker's wrongful act in such a case is not the proximate cause of the injury, when it is shown that there was the intervention of a new agent, to wit, the purchaser, who with knowledge of the danger used and permitted others to use the article."

To the same effect is Pullman Co. v. Ward, 143 Ky. 727, 137 S.W. 233.

The Olds Motor case was overruled on certain points in C. D. Herme, Inc., v. R. C. Tway Company, Ky., 294 S.W.2d 534, but not on the point above quoted.

Use by a building contractor, in a scaffold, of a plank known by him to be defective, was held by the California court to be an intervening cause such as to preclude recovery by an injured employe of the contractor against the lumber company which sold the defective plank. Stultz v. Benson Lumber Co., 6 Cal.2d 688, 59 P.2d 100. Similarly, the Tennessee court, in Ford Motor Co. v. Wagoner, 183 Tenn. 392, 192 S.W.2d 840, 852, 164 A.L.R. 364, held that where the purchaser of an automobile was told that it had a defective hood latch, but sold it to another without informing him of the defect, this constituted an interven-

ing cause such as would bar recovery against the manufacturer by the second purchaser, who sustained injuries when the hood flew open and caused a wreck. See also Annotation, 164 A.L.R. 371 et seq.

It is our opinion that the continued use of the automobile here in question, by Mrs. Atcher, with knowledge of the improper functioning of the doors, constituted an intervening cause relieving the manufacturer and the dealer of liability to the infant passenger.

We conclude that the court erred in not directing a verdict for the defendants. If upon another trial the evidence is substantially the same, a verdict will be so directed.

The judgment is reversed, for proceedings in conformity with this opinion.