**Reginald Owen PIKE, Appellant,**

v.

**Hyleme S. GEORGE et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 29, 1968.

Paul R. Huddleston, Huddleston & Huddleston, Bowling Green, Carl R. Watson, Campbellsville, Robert M. Spragens, Lebanon, for appellant.

Frank E. Haddad, Jr., Louisville, Charles T. Mattingly, Lebanon, for appellees.

STEINFELD, Judge.

The court below dismissed the complaint because it failed "to state a cause of action against (the defendants) upon which relief (could) be granted, * * *". Plaintiff appealed. We reverse.

Appellant, Reginald Owen Pike, sued appellees for damages to compensate him for the injuries he received on January 15, 1966, while riding as a passenger in a motor vehicle owned and operated by another minor, Jeffrey Allen. Appellant alleged that the appellees "owned and managed a retail package liquor store," of which Dr. Salem George was the licensee, and that they "wilfully and maliciously, in violation of KRS 244.080, sold and delivered

a one-fifth-gallon of intoxicating liquor to three persons under 21 years of age, namely, Reginald Owen Pike, Jeffrey Allen, and Mike Hazel." He alleged the appellees knew that the minors would " * * * drink the liquor at once and thereafter operate and travel together in a motor vehicle on the public highways * * *". The complaint stated that the three minors consumed the liquor, traveled in an automobile together and that the driver became intoxicated and as a result of that intoxication lost control of the automobile causing it to be wrecked and appellant to be injured. Both compensatory and punitive damages were claimed.

■■■■ The defendants moved to dismiss the complaint "because it fails to state a cause of action or a claim against these defendants upon which relief can be granted." CR 12.02(6). For the purpose of testing the sufficiency of the complaint the pleading must not be construed against the pleader and the allegations must be accepted as true. "(T)he court should not dismiss unless it appears the plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claim." Ewell v. Central City, Ky., 340 S.W.2d 479 (1960); Heuer v. Loope, 198 F.Supp. 546 (1961) D.C.Ind. Since the adoption of the civil rules liberality and simplicity in pleadings is the style in Kentucky. Johnson v. Coleman, Ky., 288 S.W. 2d 348 (1956). Only a concise statement of facts is required (CR 8.01) because the "complaint need only give fair notice of a cause of action and the relief sought." Security Trust Co. v. Dabney, Ky., 372 S.W.2d 401 (1963); 6 Kentucky Practice, Clay, 128.

The complaint alleges a violation of KRS 244.080 which reads as follows:

"No retail licensee shall sell, give away or deliver any alcoholic beverages, or pro-

cure or permit any alcoholic beverages to be sold, given away or delivered to:

(1) A minor.[1]

(2) A person actually or apparently under the influence of alcoholic beverages.

(3) An habitual drunkard or any person convicted of drunkenness as many as three times within the most recent twelve months period.

(4) Anyone known to the seller to have been convicted of any misdemeanor attributable directly or indirectly to the use of alcoholic beverages, or of a felony."

KRS 244.080 is a penal statute for which a violator may be punished. KRS 244.990 (1). Violation also authorizes the suspension or revocation of the license to engage in the sale of alcoholics. KRS 243.490. If the licensee violates this act twice within a period of two consecutive years the license must be revoked. KRS 243.500(4).

The parties concede that Kentucky has no Dramshop Act and they refer us to no statute which specifically states that a merchant is responsible to a customer or to a third party by reason of the sale of a product. KRS 446.070 states that: "A person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or a forfeiture is imposed for such violation." In construing that statute we held in Graham v. John R. Watts & Son, 238 Ky. 96, 36 S.W.2d 859 (1931), that a person for whose benefit the statute was enacted may recover damages for injuries he sustained by reason of the violation thereof. An infant who was employed in a mine was held entitled to recover damages which he sustained by reason of the violation of a statute. Smith's Adm'r v. National Coal & Iron Co., 135

1. Since the adoption of KRS 244.080 the age of majority has been reduced to 18 years of age (KRS 2.015) " * * * except for the purchase of alcoholic beverages and for purposes of care and treat- ment of handicapped children, for which twenty-one years is the age of majority, all other statutes to the contrary notwithstanding."

Ky. 671, 117 S.W. 280 (1909). However, recovery was denied even though there was a violation of a statute when the violation was not the proximate cause of the injury. Casperson v. Michaels, 142 Ky. 314, 134 S.W. 200 (1911). Citing KRS 446.070, in Peters v. Frey, Ky., 429 S.W.2d 847 (1968), we held the allegations of a complaint sufficient in an action in which the defendant was sought to be held responsible under KRS 186.590(3) which makes a person "jointly and severally liable with the minor for damages caused by the negligence of the minor in driving * * *" a motor vehicle furnished by that person to the minor.

Operators of businesses have been held liable for injuries directly and proximately arising because of the violation of a statute or ordinance enacted for the protection of the public. Blue Grass Restaurant Co. v. Franklin, Ky., 424 S.W.2d 594 (1968); Greyhound Terminal of Louisville v. Thomas, 307 Ky. 44, 209 S.W.2d 478 (1947). However, even though such ordinance has been violated recovery has been denied where the injury was not the direct and proximate result of the violation. Brown Hotel v. Levitt, 306 Ky. 804, 209 S.W.2d 70 (1948).

"It is a firmly fixed rule that one injured by a violation of a statute may recover from a defendant such damages as he has sustained by reason of a violation of it. It is equally as well established that such violation must be the direct and proximate cause of the injury complained of. A recovery of damages from another may not be sustained merely because such other has violated a statute." Pirtle's Adm'x v. Hargis Bank & Trust Co., 241 Ky. 455, 44 S.W.2d 541 (1932).

We have held that a vendor may be liable for injuries directly related to such sales. Dealers Transport Co. v. Battery Distributing Co., Ky., 402 S.W.2d 441 (1966); Kroger Co. v. Bowman, Ky., 411 S.W.2d 339 (1967).

In varying circumstances we decided that one who furnishes a product, the use of which may create a danger to the user, may or may not be responsible for injury caused in its use. C. D. Herme, Inc. v. R. C. Tway Co., Ky., 294 S.W.2d 534 (1956); Ford Motor Co. v. Atcher, Ky., 310 S.W.2d 510 (1957); Baker v. White, 251 Ky. 691, 65 S.W.2d 1022 (1933). Also see 20 A.L.R. 2d 119, re: "Liability of seller of firearm, explosive, or highly inflammable substance to child."

Appellant refers us to Nally v. Blandford, Ky., 291 S.W.2d 832 (1956), in which we held that the complaint stated a cause of action. The litigation grew out of a charge that the dealer had sold whiskey to his customer "with the knowledge that he intended to drink the entire contents of the quart of whiskey" to win a bet.

The appellees rely upon Britton's Adm'r v. Samuels, 143 Ky. 129, 136 S.W. 143, 144, 34 L.R.A., N.S., 1036 (1911) and Waller's Adm'r v. Collinsworth, 144 Ky. 3, 137 S.W. 766, 44 L.R.A., N.S., 299 (1911). In Britton we said:

"Here the wrongful act complained of was the violation of the liquor law. It was not the commission of any wrongful act toward the person of the deceased, or the neglect or failure to discharge any duty which the defendant owed to him.

The unlawful or wrongful act was the sale of the liquor, but death was produced, not by the sale, but by the drinking thereof by the deceased. The proximate cause of the death, therefore, was not the wrongful or unlawful act complained of."

In Waller, in denying the right to recover we said:

"In many of the states, there are special statutes called 'civil damage acts,' which give in certain cases a right of action to one injured because of the unlawful sale of intoxicating liquors. In this state we have no such act. * * *.

\*   \*   \*   \*   \*   \*

"In every case the inquiry is: Was the injury a natural and probable consequence of the wrongful act, and ought it to have been foreseen in the light of the attending circumstances? In this case the deceased was killed by Blankenship. \* \* \* All that can be said is that appellee's unlawful act produced a condition of mind out of which the killing might have resulted. \* \* \*."

■ The general rule is that "Ordinarily a vendor of intoxicating liquors is not at common law answerable to a third person for injury or damage sustained by the latter as a result of the intoxication of the purchaser of the liquor." 75 A.L.R.2d 835.

■ The Constitution, statute and case law of this state reflect a policy of special protection of minors from injury. Kentucky Constitution 243 requires the General Assembly to "fix the minimum ages at which children may be employed in places dangerous to life or health, or injurious to morals; \* \* \*". See KRS 189.370 (buses transporting children); KRS 199.-330(1) (prohibiting the wilful or unmerciful injury to the health or limb of any child); KRS 199.340 (employment or exhibition of children); KRS 339.220–339.240, 339.260 and 339.440 (child labor). Liberty National Bank & Trust Co. v. Raines, Ky., 416 S.W.2d 719 (1967); Rock v. Creacy, Ky., 430 S.W.2d 137 (1968); Seelbach, Inc. v. Cadick, Ky., 405 S.W.2d 745 (1966); Mackey v. Spradlin, Ky., 397 S.W.2d 33 (1965). There are a multitude of decisions favorable to children in actions predicated on an attractive nuisance. See Louisville Trust Co. v. Nutting, Ky. (decided September 27, 1968). Other states have followed a similar policy. Semeniuk v. Chentis, 1 Ill.App.2d 508, 117 N.E.2d 883 (1954); Tamiami Gun Shop v. Klein, Fla.App., 109 So.2d 189 (1959).

■ The complaint alleges a malicious sale to minors whose ages and whose physical condition and the degree of intoxication, if any, are not stated and the conditions under which the sale were made are not revealed. The parties cite cases in some of which a vendor of alcoholics has been held liable for damage directly attributable to the sale, and in others held not liable. Among the citations are Jardine v. Upper Darby Lodge, 413 Pa. 626, 198 A.2d 550 (1964); Ramsey v. Anctil, 106 N.H. 375, 211 A.2d 900 (1965); State for Use of Joyce v. Hatfield, 197 Md. 249, 78 A.2d 754 (1951); and Fleckner v. Dionne, 94 Cal.App.2d 246, 210 P.2d 530 (1949).

We do not reach the merits, but we are unwilling to say that there are no circumstances under which a licensee who sells alcoholic beverages may be held responsible in damages proximately resulting from the violation of KRS 244.-080. Waynick v. Chicago's Last Dept. Store, (1959, CA 7 Ill.) 269 F.2d 322, 77 A.L.R.2d 1260, cert. den. 362 U.S. 903, 80 S.Ct. 611, 4 L.Ed.2d 554; Rappaport v. Nichols, 31 N.J. 188, 156 A.2d 1, 75 A.L.R. 2d 821 (1959); Elder v. Fisher, Inc., Ind., 217 N.E.2d 847 (1966); Mitchell v. Ketner (Tenn.App.) 393 S.W.2d 755 (1965); Berkeley v. Park, 47 Misc.2d 381, 262 N.Y.S.2d 290 (1965); Smith v. Clark, 411 Pa. 142, 190 A.2d 441 (1963). We hold that the complaint, for procedural purposes, states a claim sufficient under CR 8.01, therefore, the judgment dismissing on the ground that the complaint did not state a cause of action was erroneous.

Defenses were interposed, the merits of which are not now before us, therefore, we do not determine whether the appellees, or either of them, may successfully rely upon those defenses.

The judgment is reversed for further proceedings consistent herewith.

All concur, except OSBORNE, J.