**Gary DUBORD, Plaintiff,**

v.

**GMRI, INC., Defendant.**

**No. Civ.A. 3:97CV–786–S.**

United States District Court,
W.D. Kentucky,
Louisville Division.

March 29, 1999.

Gregory C. Black, Louisville, KY, for plaintiff.

Laura M. Haara, Donald L. Miller II, Brown, Todd & Heyburn, Louisville, KY, for defendant.

## MEMORANDUM OPINION

SIMPSON, Chief Judge.

Eastern Parkway is a meandering, urban four-lane street in the City of Louisville, with a speed limit of 35 miles per hour.[1] On the evening of November 11, 1996, Gary Dubord, then two months from his twenty-first birthday, was en route to a local nightclub with his friend, Scott Lawler. Driving drunk, Dubord attained speeds of between 55 and 60 miles per hour on Eastern Parkway.

Cynthia Imam was driving with her four children, aged 3 to 12, on the same street in the opposite direction.

Attempting to round a moderate curve in the road, Dubord lost control of his car and crossed the centerline into Imam's path of travel. The cars collided. Seven people were injured. Both cars were severely damaged. Dubord himself had not put on his seatbelt, and suffered significant injuries. After the accident, his blood alcohol was found to be 0.146, well above the level presumptive of drunk driving. *See* KRS 189.520(3)(c).

Prior to the collision, Dubord and Lawler, who was 25 years old at the time, ate

dinner at an Olive Garden Restaurant operated by the defendant, GMRI, Inc. Upon being seated, the two found a carafe of wine on their table. When asked by a waiter if wine glasses were needed, Dubord did not reveal his underage status, nor was he asked for identification. The glasses were furnished, and Dubord and Lawler proceeded to consume the entire two-liter carafe with their dinner. At the end of the meal, in accordance with the Olive Garden's "honor system," the waiter inquired for purposes of the bill as to how many glasses of wine had been consumed. Dubord and Lawler falsely stated that only four glasses had been poured.

Dubord has sued to recover for the injuries he inflicted on himself. He alleges that the operators of the Olive Garden Restaurant violated Kentucky law by permitting an underage drinker, Dubord himself, to consume wine, in violation of KENTUCKY REVISED STATUTE (KRS) 244.080(1), and that this violation caused his injuries. *See* KRS 446.070.

GMRI, Inc. (hereinafter "Olive Garden") moves for summary judgment. It contends that Dubord's underage consumption of alcohol is an intervening criminal act on his part, in violation of KRS 244.085(3), and that Dubord's voluntary consumption was the "proximate cause" of his own injuries as that term is used in KRS 413.241(1).

## STANDARD OF REVIEW

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). A party's failure to establish an element of proof essential to his case and upon which he will bear the burden of proof at trial constitutes a failure to establish a genuine issue of material

---

**1.** We recount the facts relied upon by Dubord, while noting that they are not admitted by GMRI. For purposes of this motion, we assume these facts to be true.

fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). *See also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### DISCUSSION

In Kentucky, alcoholic beverages may not be sold to nor purchased or possessed by a person under 21 years of age. KRS 244.080(1) and KRS 2.015; KRS 244.085(3).

For virtually all other purposes, persons 18 years of age and older are of the age of majority.

With respect to criminal responsibility in particular, a person 18 and older may be prosecuted as an adult. KRS 610.010 and *Lowry v. Commonwealth,* 424 S.W.2d 841 (Ky.1968).

Unlike some states, Kentucky does not have a Dram Shop Act. Nevertheless, under certain circumstances, Kentucky courts have recognized a civil cause of action against a retail alcohol beverage seller based upon a sale to a prohibited person in violation of KRS 244.080. Those courts relied upon KRS 446.070, which provides that "[a] person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation."

In *Pike v. George,* 434 S.W.2d 626 (Ky. 1968), the Court of Appeals of Kentucky, then Kentucky's highest court, allowed an automobile passenger to sue a liquor store for damages he had sustained in an accident. It was alleged that the liquor store had sold alcoholic beverages to a minor, who then became intoxicated and wrecked the vehicle, injuring the plaintiff, his passenger. It was claimed that the liquor store had violated KRS 244.080(1), which prohibits the sale of alcoholic beverages to a minor.

Similarly, in *Grayson Fraternal Order of Eagles v. Claywell,* 736 S.W.2d 328 (Ky. 1987), the Supreme Court of Kentucky permitted persons who were injured in an automobile accident to sue an Eagles Club, claiming that it and its bartender had served alcoholic beverages to a patron who then had an automobile accident because he was intoxicated. The claim was based on the Eagles Club allegedly violating KRS 244.080(2), which prohibits the sale of alcoholic beverages to persons actually or apparently under the influence.

Both cases involved claims against alcoholic beverage sellers by parties who alleged to have been injured by drunk drivers. There are as yet no cases from Kentucky courts dealing with claims by the drunk driver himself.

Our analysis begins with KRS 413.241, enacted in 1988, apparently in response to *Grayson.* There is no case law interpreting this statute, in which the General Assembly declared that the consumption of intoxicating beverages, rather than their sale, is the "proximate cause" of an injury inflicted by an intoxicated person upon himself or another, and that the intoxicated person is primarily liable with respect to injuries suffered by others. This "consumption" view of causation is also reflected in an early Kentucky case, *Britton's Adm'r v. Samuels,* 143 Ky. 129, 136 S.W. 143 (1911), in which the court stated that "[t]he unlawful or wrongful act was the sale of the liquor, but the death was produced, not by the sale, but by the drinking thereof by deceased." *Id.* at 144.

Our task in this case is to determine whether a Kentucky court would recognize a cause of action against a seller of alcoholic beverages by an underage plaintiff for self-inflicted injuries arising out of his own voluntary intoxication.

Other state courts have addressed the issue.

In 1990, the Supreme Court of Hawaii stated:

> [T]he classification of "minor" connotes one who lacks maturity and requires supervision and protection for his/her well-being and safety. However, for this court to allow "minors" (below twen-

ty-one years of age) to categorically be placed within the protected class would be inconsistent with the expression of legislative intent to treat those within the age bracket of eighteen to twenty years as responsible adults in all other respects.

*Winters v. Silver Fox Bar,* 71 Haw. 524, 797 P.2d 51, 54 (1990) (holding that minor who sustains injury due to her own voluntary intoxication is not within the class of persons protected by a statute prohibiting sale of alcohol to minors). Similarly, the Supreme Court of Massachusetts, in holding that a social host had no duty to a 19–year–old guest who voluntarily became intoxicated, stated that its decision rested "on the broad principle that Jason Hamilton, although an underage drinker, was an adult, who was responsible for his own conduct and injured himself. The Legislature has granted substantial rights to and placed substantial obligations on people who are nineteen years old." *Hamilton v. Ganias,* 417 Mass. 666, 632 N.E.2d 407, 408 (1994) (citation omitted).

These rulings "reflect[ ] an unspoken moral revulsion against rewarding youthful drunks for their own recklessness and self-indulgence." *Oja v. Grand Chapter of Theta Chi Fraternity, Inc.,* 174 Misc.2d 966, 667 N.Y.S.2d 650, 652 (Sup.Ct.1997).

In Kentucky, persons 18 years of age and older are generally responsible for their own actions. The plaintiff's admitted violation of KRS 244.085(2) and (3) could have subjected him to criminal prosecution *as an adult.* We believe that a person between 18 and 21 years of age who illegally purchases an alcoholic beverage would not be allowed by Kentucky courts to assert a claim for his own subsequent personal injuries based on the underage sale to him. A person in that age band, such as Gary Dubord, is and ought to be fully responsible for the consequences of his actions. The fact that Kentucky would treat Dubord as an adult in a criminal

prosecution for underage purchase and possession of the wine is a recognition that 18 year olds are full-fledged members of society, with commensurate rights and liabilities under the law. We do not believe that Dubord may escape personal responsibility for his own voluntary conduct. His claims are grounded upon the concept that the Olive Garden was an "offender" as that term is used in KRS 446.070. Yet Dubord was as much an "offender" as was the Olive Garden. His attempt to hold the seller at fault is but a facile effort to gloss over the fact that the sale required a purchase.

The illegal purchase and the illegal sale are at once *in pari delicto.* Under these circumstances, Dubord's contribution to his own injury is 100%, because it is indistinguishable from any contribution by the Olive Garden. He bought, and they sold. We conclude that Gary Dubord cannot recover against the Olive Garden, consistent with the ancient principle *in pari delicto potior est conditio defendentis.*

The notion that Kentucky courts would not recognize the claim Dubord makes in this case is buttressed by the provisions of KRS 413.241(2), in which the Kentucky General Assembly barred first-party claims by overage persons against sellers of alcoholic beverages for injuries such persons inflict upon themselves as a result of being intoxicated.[2] We are convinced that this constraint would also be applied to those persons 18 to 21 years of age, based upon the legislative purpose clearly set out in KRS 413.241(1).

The New York Court of Appeals has opined that:

Recognizing a private right of action in favor of the intoxicated youth ... would be inconsistent with the evident legislative purpose underlying the scheme ... to utilize civil penalties as a deterrent while, at the same time, withholding reward from the individual who voluntarily

---

**2.** No issue in this case has been raised as to whether or not the defendant did or should have recognized that Dubord was intoxicated

at the time he was in the Olive Garden Restaurant.

became intoxicated for his or her own irresponsible conduct. *Sheehy v. Big Flats Community Day, Inc.*, 73 N.Y.2d 629, 543 N.Y.S.2d 18, 541 N.E.2d 18, 22 (1989). We believe the Kentucky courts would say the same.

### CONCLUSION

As a matter of law, Dubord's claims in this case are barred. The motion of the defendant, GMRI, Inc., for summary judgment will be granted by separate order.