RENDERED: APRIL 28, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1052-MR

QADRIYYAH ABDULLAH                                        APPELLANT

v.
APPEAL FROM FAYETTE CIRCUIT COURT
HONORABLE JEFFREY TAYLOR, JUDGE
ACTION NO. 22-CI-01732

SOFI BANK, N.A.                                           APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, EASTON, AND ECKERLE, JUDGES.

COMBS, JUDGE:  Qadriyyah Abdullah appeals from an order of the Fayette Circuit Court granting the motion of SoFi Bank, N.A., to dismiss her complaint (and amended complaint) for failure to state a claim for which relief can be granted.  After our review, we affirm.

On June 17, 2022, Abdullah, *pro se*, filed a complaint against SoFi Bank in Fayette Circuit Court.  In her pleading, Abdullah explained that SoFi Bank made a personal loan to her and that pursuant to the loan agreement, funds were

disbursed to her bank account on May 13, 2022. On this date, Abdullah became a member of "State Registered Private Bankers Bank." Abdullah claimed that she is sovereign unto herself and that she is free to act as a "common law bank." She alleged that she repaid the loan on June 2, 2022, by presenting to SoFi Bank her "New Credit Agreement Debt Lien Payoff Contract Security NOTE." In short, Abdullah believes that the credit agreement that she sent to SoFi Bank constitutes a legal tender akin to United States currency.

Abdullah also alleged that the bank tried to deceive her into believing that she "is the debtor and debt slave" and that "almost all large Bank and Government corporations are illegally doing securitizations as normal business practices." She alleged that "[a]ll contracts entered with any Government, Corporation, or registered company . . . are now nullified and rendered null and void . . . ." Finally and alternatively, Abdullah alleged that she lacked capacity to contract because she is a "child without a social security number based upon [her] Government Created Commercial Domestic Public Birth Certificate security" because the government secretly pledged her physical being as security for the national debt. She sought costs and attorney fees.

On July 7, 2022, SoFi Bank filed a motion to dismiss the complaint. The bank explained that Abdullah borrowed $45,000 to be repaid -- with interest -- in 84 monthly installments to begin on June 10, 2022. The loan documents do not

permit repayment with a promissory note. SoFi Bank contended that Abdullah's action is based upon the "vapor money" theory -- part of a strategy advanced by the sovereign citizen movement to avoid contracts. It contended that this theory has been addressed and rejected by courts across the nation.

On July 13, 2022, Abdullah filed her response to the motion to dismiss. She also tendered an amended complaint and demanded that the presiding judge provide proof that he had taken his oath of office. Among other arguments, Abdullah contended that the bank was required to prove that she lives "within the 1787 Territorial Federal United State of America Union." She argued that the bank could not establish that the agreement that she sent to it was not legal tender and that counsel could not "represent a registered piece of paper that cannot talk, hear, reason."

On July 15, 2022, the court conducted a hearing on the motion to dismiss. On July 18, 2022, Abdullah filed a motion to recuse. She argued that the judge denied her due process of law by failing to answer questions that she presented to him. She also contended that she could not get a fair hearing because the judge was "ignorant of the law with regards to critical information in [her] case such as . . . [t]hat the United States has been bankrupt and in a national emergency since 1933, confiscated the (lawful money) gold from the American People, gave it to the Private Federal Reserve Banking System Corporation . . . " and that he

expressed "his opinion concerning the merits of these proceedings stating that promissory notes are not money." Abdullah filed other motions and responses; she also attempted to subpoena the bank's records.

Pursuant to the requirements of KRS[1] 26A.020, Chief Justice Minton reviewed Abdullah's allegations for disqualification. By order entered on August 9, 2022, Chief Justice Minton concluded that Abdullah failed to demonstrate any disqualifying circumstance that would require the appointment of a special judge in the proceeding. Abdullah's motion for disqualification of the trial judge was denied.

By its order entered on August 15, 2022, the Fayette Circuit Court granted the motion of SoFi Bank to dismiss Adbullah's civil action. This appeal followed.

On appeal, Abdullah argues first that the trial court erred by denying her motion to recuse. A trial court's decision on a motion for recusal is subject to *de novo* review. *Abbott, Inc. v. Guirguis*, 626 S.W.3d 475 (Ky. 2021).

Abdullah failed to submit an affidavit in support of her allegations for the judge's recusal. Nevertheless, the court entertained her motion. Based upon our careful review of the record, there is nothing to indicate that a reasonable observer, informed of all the facts and circumstances, would question the judge's

---

[1] Kentucky Revised Statutes.

impartiality in this matter. We do not discern **any** bias or unfair treatment by the trial judge. On the contrary, our review of the proceedings indicates that the trial judge was meticulously patient, accommodating, and forbearing. Abdullah was not deprived of a meaningful opportunity to be heard by an unbiased decision-maker. There was no error on this issue.

Abdullah next argues that the trial court erred by granting the motion to dismiss her complaint (and amended complaint). We disagree.

Our rules of civil procedure require a complaint to contain a short and plain statement of the claim showing that the plaintiff is entitled to relief. CR[2] 8.01. In lieu of an answer, the provisions of CR 12.02 allow a defendant to file a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. The motion to dismiss tests the sufficiency of the action. *Pike v. George*, 434 S.W.2d 626 (Ky. 1968). It admits as true *the material facts* of the complaint. *Upchurch v. Clinton Cnty.*, 330 S.W.2d 428 (Ky. 1959). The trial court must decide if the plaintiff would be entitled to relief under those facts. *Hardin v. Jefferson Cnty. Bd. of Education*, 558 S.W.3d 1, 5 (Ky. App. 2018). The trial court decides the issue as a matter of law. *Fox v. Grayson*, 317 S.W.3d 1 (Ky. 2010). Consequently, we review the trial court's decision *de novo*. *Id.*

---

[2] Kentucky Rules of Civil Procedure.

Abdullah's arguments are based upon the theory of "vapor money."

In *Stevenson v. Bank of America*, 359 S.W.3d 466, 468 (Ky. App. 2011), we

explained the premise underlying the theory as follows:

> The "vapor money" (or "no money lent") theory posits that Congress has never given banks the authority to extend credit and, thus, banks act beyond their charters when making loans. Proponents claim banks create money "out of thin air," through ledger entries and bookkeeping tricks, by "depositing" a borrower's promissory note without the borrower's permission, listing the note as an "asset" on the bank's ledger entries, and then lending a borrower back his own "money." Since banks do not have enough "real money in their vaults" to cover the sums lent, loans are not backed by actual money -- the only real money is gold or silver; paper money is worthless since it is created by an illegitimate Federal Reserve -- making them invalid *ab initio* and creating no obligation for repayment. According to the "redemption movement," when the U.S. Government abandoned the gold standard it devised a scheme to enable it to borrow money. Adherents to this theory assert that the government first sets up fictitious accounts -- in the initial amount of $630,000.00 -- for each person at birth, and then pledges the "straw man of its citizens" as collateral for the national debt. Through a series of obscure procedures derived from the Uniform Commercial Code, citizens can allegedly gain access to these "secret accounts" and write "sight drafts" to utilize those funds for their own purposes. Some believe the secret accounts are virtually bottomless, meaning those who truly understand and comply with the required filings must never actually pay for anything.

*Id.* at 468 n.6.

-6-

The allegations underlying the theory have consistently been rejected by courts around the country. *See Anderson v. O'Sullivan*, 121 A.3d 181 (2015) (collecting cases from numerous jurisdictions). Abdullah's vapor money claim does not present a viable legal theory. Having reviewed the complaint (and amended complaint) as closely as possible, we conclude that the allegations wholly fail to state a legal claim upon which relief could be granted. The trial court did not err by concluding that Abdullah failed to assert a cognizable or even a plausible claim for relief. Thus, it did not err by granting the bank's motion to dismiss.

Finally, we remind Abdullah of the observations of this Court in *Cubar v. Town & Country Bank and Tr. Company*, 473 S.W.3d 91, 93-94 (Ky. App. 2015). Therein, we noted that an appeal "so mired in 'sovereign citizen' rhetoric and philosophy" was "so lacking in merit and so suggestive of having been brought in bad faith that it practically invite[d] sanctioning as a frivolous appeal." *Id.* We refrain from imposing sanctions while nonetheless recognizing that they would be appropriate.

The order of the Fayette Circuit Court dismissing the action is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Qadriyyah Abdullah
Lexington, Kentucky

BRIEF FOR APPELLEE:

Diane E. Huff
Hebron, Kentucky