RENDERED: FEBRUARY 7, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0321-MR


PAUL MATTHEW TAYLOR D/B/A
G&S GENERAL CONSTRUCTION,
LLC                                                                    APPELLANT[1]



|       | APPEAL FROM JEFFERSON CIRCUIT COURT |
|-------|-------------------------------------|
| v.    | HONORABLE MITCHELL PERRY, JUDGE     |
|       | ACTION NO. 23-CI-005142             |



JOE WILSON & ANDRE' WILSON;
LAW OFFICE OF FORBUSH-MOSS PSC;
BETHANNI E. FORBUSH-MOSS, ESQ.;
JUDGE ERIC J. HANER; CITY OF
LOUISVILLE; LOUISVILLE METRO
POLICE DEPARTMENT; CHIEF
JACQUELYN GWINN-VILLAROEL;
LMPD LEGAL DEPARTMENT;
LMPD DETECTIVE DAVID
COCKEREL #7961; COMMONWEALTH
ATTORNEYS OFFICE; NORMA C. MILLER,
ESQ.; KENTUCKY STATE POLICE & BRANDON
BOGGS # 247; SHELBY COUNTY DETENTION

---

[1] The record does not clearly evince whether Taylor is attempting to represent a limited liability company. While he can represent himself on the tort allegations wherein he, individually, is the putative victim, he cannot represent a business entity because he is not an attorney licensed in Kentucky. In any event, the claims properly at issue in this appeal, according to the allegations of Taylor's complaint, only cast Taylor – not G&S Construction, LLC – as the putative victim.

CENTER; AND
JUDGE TRACY E. DAVIS                                                          APPELLEES


<u>OPINION AND ORDER</u>
<u>AFFIRMING IN PART AND DISMISSING IN PART</u>

** ** ** ** **

BEFORE:  COMBS, A. JONES, AND MᴄNEILL, JUDGES.

JONES, A., JUDGE:  The Jefferson Circuit Court dismissed, on the basis of CR[2]

12.02, various civil claims Paul Taylor asserted against the following appellees:

The Kentucky State Police ("KSP"); KSP Officer Brandon Boggs; the Shelby

County Detention Center ("Detention Center"); Judge Eric J. Haner; and Judge

Tracy E. Davis.  Taylor now appeals.  For the reasons set forth below, we dismiss

part of his appeal and affirm the remainder.

## I. BACKGROUND

This case has its genesis in a contract dispute between Taylor and

appellees Joe and Andre' Wilson.  Taylor was hired by the Wilsons to perform

construction work but later did not complete the work and refused to return the

money the Wilsons paid him.  The Wilsons thereafter filed a police report against

Taylor for Theft by Deception.  Thereafter, the Louisville Metro Police

Department ("LMPD") obtained a warrant for Taylor's arrest from Judge Eric

---

[2] Kentucky Rule of Civil Procedure.

Haner. On November 16, 2021, Taylor was arrested by KSP Officer Brandon Boggs pursuant to the warrant and was subsequently charged with Theft by Deception. *See Commonwealth v. Taylor, Paul M.*, Jefferson District Court, Criminal Action No. 21-F-008794.

On November 23, 2021, Taylor filed a civil action against the Wilsons for breach of contract, intentional infliction of emotional distress, and false imprisonment. *See Paul M. Taylor d/b/a G&S General Construction, LLC v. Joe Wilson, et al.*, Jefferson Circuit Court, Civil Action No. 21-CI-006694. Taylor then attempted to amend his complaint to assert claims of malicious prosecution and to add, as party-defendants: Judge Haner; Assistant Commonwealth Attorney Norma C. Miller; LMPD Detective David Cockerel; Officer Boggs; and the Detention Center, which had housed Taylor for approximately 22 hours following his arrest. The circuit court ultimately denied Taylor's motion to amend as futile and dismissed his action on June 6, 2023.

Rather than appealing, Taylor filed the instant action on August 23, 2023, against the Wilsons as well as the other above-captioned appellees. He asserted the same breach of contract action against the Wilsons that he had asserted and that had been dismissed (on subject matter jurisdiction grounds) in No. 21-CI-006694. His other claims relevant to the appeal at hand included: (1) intentional infliction of emotional distress (against Judge Haner for his role in issuing the

-3-

warrant that led to Taylor's arrest, and against Officer Boggs and KSP for arresting him); (2) false imprisonment resulting in a violation of his due process rights (against the Detention Center,[3] Officer Boggs, and KSP); and (3) a claim Taylor styled in his complaint as "fraud, failure to do process & allow esclupitory [sic] evidence" (against Judge Tracy Davis, alleging Judge Davis acted erroneously and improperly in a variety of ways when she had presided over and dismissed his prior suit in No. 21-CI-006694).

Judges Haner and Davis jointly moved for dismissal of the claims asserted against them on grounds of absolute judicial immunity. The circuit court granted their motion on October 18, 2023, by and through a final and appealable order. *See* CR 54.02(1). On February 16, 2024, by and through another order made final and appealable pursuant to CR 54.02(1), the circuit court then granted motions from the Detention Center, Officer Boggs, and KSP to dismiss the claims Taylor had asserted against them. This appeal followed.

---

[3] Perhaps out of an abundance of caution, the Detention Center argues Taylor also failed to assert legally cognizable claims against it for breach of contract, intentional infliction of emotional distress, fraud, malicious prosecution, or any "due process violation" stemming from something other than alleged false imprisonment. However, it is unnecessary to go that far. Nothing reasonably discernable from the face of Taylor's complaint indicates Taylor attempted to assert any of those other types of claims against the Detention Center *at all* – a point the circuit court likewise noted in an interlocutory order of December 4, 2023, that was later incorporated in its dispositive order of February 16, 2024. See Record at 150 ("Mr. Taylor has brought *a claim* for false imprisonment and for violation of his due process rights against the Shelby County Detention Center. His *claim* is deficient for a multitude of reasons, however. . . .") (emphasis added).

## II. STANDARD OF REVIEW

Regarding a trial court's dismissal of a complaint for failure to state a claim based on CR 12.02,

> The court should not grant the motion unless it appears the pleading party would not be entitled to relief under any set of facts which could be proved in support of his claim. In making this decision, the circuit court is not required to make any factual determination; rather, the question is purely a matter of law. Stated another way, the court must ask if the facts alleged in the complaint can be proved, would the plaintiff be entitled to relief?

*James v. Wilson*, 95 S.W.3d 875, 883-84 (Ky. App. 2002) (internal quotation marks and footnote omitted). We review dismissals under CR 12.02(f) *de novo*, accepting the plaintiff's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor. *Gall v. Scroggy*, 725 S.W.2d 867, 868-69 (Ky. App. 1987); *Pike v. George*, 434 S.W.2d 626, 627 (Ky. 1968) ("For the purpose of testing the sufficiency of the complaint the pleading must not be construed against the pleader and the allegations must be accepted as true.").

## III. ANALYSIS

Taylor has done little more than copy the bulk of his rather nebulous complaint into what he now offers as his appellate brief.[4] Consequently, much of

---

[4] Taylor later filed a reply brief containing roughly eight pages of single-spaced text (of varying font and font size) leveling *ad hominem* attacks against the various appellees and unsubstantiated conspiracy theories. It is unnecessary to address the substance of his reply brief beyond stating that, even if his reply brief did posit what our civil rules regard as appellate arguments – and it

-5-

his brief before this Court is devoted to ostensible discussion of: (1) claims the circuit court has never ruled on, *i.e.*, the claims he asserted against appellees *other than* Judge Haner, Judge Davis, the Detention Center, Officer Boggs, and KSP; and (2) claims the circuit court dismissed in a final and appealable order *several months before* Taylor filed his notice of appeal in this matter, *i.e.*, the claims he asserted against Judges Haner and Davis. To the extent Taylor is asking this Court to review those two categories of claims, we dismiss that aspect of his appeal. *See Jones v. Livesay*, 551 S.W.3d 47, 52 (Ky. App. 2018) (citation omitted) ("The appellate court reviews for errors, and a nonruling is not reviewable when the issue has not been presented to the trial court for decision."); *see also* Kentucky Rule of Appellate Procedure ("RAP") 3(A)(1) (requiring a notice of appeal to be filed within 30 days of a final); RAP 2(A)(3) ("The failure of a party to file timely a notice of appeal, cross-appeal, or motion for discretionary review shall result in a dismissal or denial.").

Another consequence of Taylor's chosen style of briefing is that his brief, such as it is, does not address any of the circuit court's bases for dismissing the claims he asserted against the Detention Center, Officer Boggs, and KSP – the claims and appellees that are proper subjects of this appeal. Indeed, Taylor never

---

does not – "[t]he reply brief is not a device for raising new issues which are essential to the success of the appeal." *Best v. West American Ins. Co.*, 270 S.W.3d 398, 405 (Ky. App. 2008) (internal quotation marks and citations omitted).

addressed those bases below, either. Taylor has accordingly waived review of all that could have been a proper subject of this appeal. *See, e.g.*, *Osborne v. Payne*, 31 S.W.3d 911, 916 (Ky. 2000) ("Any part of a judgment appealed from that is not briefed is affirmed as being confessed.").

That aside, the circuit court properly dismissed Taylor's claims against the Detention Center, Officer Boggs, and KSP. Each of these appellees raised the statute of limitations as a defense and was granted dismissal on that ground. In his complaint, Taylor asserted Officer Boggs arrested him on November 16, 2021, and that the same facts surrounding his arrest formed the bases of his claims against the Detention Center, Officer Boggs, and KSP of false imprisonment and intentional infliction of emotional distress. The one-year statute of limitations applicable to those claims expired well before Taylor filed his complaint on August 24, 2023. *See* KRS[5] 413.140(1)(a); *Dunn v. Felty*, 226 S.W.3d 68, 70 (Ky. 2007); *see also Shaw v. Handy*, 588 S.W.3d 459, 462 (Ky. App. 2019) (internal quotation marks and citation omitted) ("[A] complaint cannot be saved from limitations by pleading intentional infliction of emotional distress to reach the longer statute when the facts support a claim for a more traditional personal injury tort with mental pain and suffering as part of the damages rather than severe emotional distress caused by outrageous conduct.").

---

[5] Kentucky Revised Statute.

As the circuit court also correctly determined, KSP and the Detention Center, as integral parts of state government that were at all relevant times performing governmental functions, were alternatively entitled to immunity.[6] *See Yanero v. Davis*, 65 S.W.3d 510, 519 (Ky. 2001). We are aware of nothing, and Taylor presents nothing, indicating their immunity was waived relative to Taylor's tort claims.

## IV. CONCLUSION

We AFFIRM IN PART AND DISMISS IN PART for the reasons set forth above.

ALL CONCUR.

ENTERED: _____02-07-2025_____          _____
                                            JUDGE, COURT OF APPEALS

---

[6] The circuit court referred to KSP's and the Detention Center's immunity as "sovereign immunity," as opposed to "governmental immunity," but it is a distinction without a difference in this case. The Kentucky Supreme Court has acknowledged that the terms governmental and sovereign immunity are often used interchangeably, because governmental immunity is itself an extension of sovereign immunity. *Bryant v. Louisville Metro Housing Authority*, 568 S.W.3d 839, 845 (Ky. 2019). Governmental immunity "is based in the concept that 'sovereign immunity should "extend . . . to departments, boards or agencies that are such integral parts of state government as to come within regular patterns of administration organization and structure."'" *Id*. at 845-46 (citations omitted).

BRIEFS FOR APPELLANT:

Paul Matthew Taylor, *pro se*
Harrods Creek, Kentucky

BRIEF FOR APPELLEES
KENTUCKY STATE POLICE AND
BRANDON BOGGS:

Brenn O. Combs
Frankfort, Kentucky

BRIEF FOR APPELLEE SHELBY
COUNTY DETENTION CENTER:

Carol S. Petitt
Jillian M. Sauer
Pewee Valley, Kentucky