JASON HAMILTON & another[1] *vs.* CHRIS GANIAS & others.[2]

Worcester. February 9, 1994. - May 4, 1994.

Present: WILKINS, ABRAMS, O'CONNOR, & GREANEY, JJ.

*Negligence*, Serving alcoholic liquors to guest. *Alcoholic Liquors*, Liability of host, Motor vehicle.

This court held that a social host had no duty to a nineteen year old underage drinker who became intoxicated by the voluntary consumption of alcohol and subsequently injured himself while negligently operating a motor vehicle. [666-668]

CIVIL ACTION commenced in the Superior Court Department on August 9, 1991.

A motion of the defendant Haglund for summary judgment was heard by *Elizabeth Butler*, J.; a motion of the defendant Ganias to dismiss was heard by *James P. Donohue*, J.; and separate and final judgments were entered by *Charles M. Grabau*, J., and *Donohue*, J., respectively.

The Supreme Judicial Court granted a request for direct appellate review and consolidated the cases.

*Stephen M. CampoBasso* (*Peter A. CampoBasso & Patrick R. Bunnell* with him) for the plaintiffs.

*John A. Cvejanovich* for Gary Haglund.

*Joseph H. Caffrey* for Chris Ganias.

WILKINS, J. In *Manning* v. *Nobile*, 411 Mass. 382 (1991), this court held that a social host had no duty to an adult guest who became intoxicated by the voluntary consumption

---

[1] Carol Hamilton, the mother of Jason Hamilton.

[2] Gary Haglund, John Carter, El Morocco Restaurant, Inc., Richard Aboody, Sr., and David Damato. Only the defendants Ganias and Haglund are before us in the plaintiffs' consolidated appeal from separate judgments ordered in favor of Ganias and Haglund.

of alcohol and subsequently injured himself while negligently operating a motor vehicle. The case now before us on direct appellate review presents the question whether the result should be different if the intoxicated guest who injured himself was a nineteen-year-old, underage drinker.

We hold that the reasons announced in the *Manning* case for denying social host liability to an intoxicated adult guest who injures himself apply to a nineteen year old who injures himself in similar circumstances.[3] We thus affirm the judgments dismissing the actions against Ganias and Haglund.

We decide this case on the broad principle that Jason Hamilton, although an underage drinker, was an adult (G. L. c. 4, § 7, Fiftieth [1992 ed.]), who was responsible for his own conduct and injured himself.[4] The Legislature has granted substantial rights to and has placed substantial obligations on people who are nineteen years old. Hamilton was old enough to vote (art. 3 of the Amendments to the Massachusetts Constitution), to make a valid will (G. L. c. 191, § 1 [1992 ed.]), to enter into valid contracts (G. L. c. 231, § 85O [1992 ed.]), to get married without parental consent (G. L. c. 207, §§ 7, 24, and 25 [1992 ed.]), to serve on a jury (G. L. c. 234, § 1 [1992 ed.]), to work on any job (G. L. c. 149, § 63 [1992 ed.]), for as many hours as he wished (G. L. c. 149, § 65 [1992 ed.]), to buy and carry a firearm (G. L. c. 140, §§ 131 and 131E [1992 ed.]), and to

---

[3] The record before the judges of the Superior Court, who respectively ordered judgments for Ganias and Haglund, did not disclose the ages of the defendants. We deny attempts by the defendants to supplement the record to show that they too were nineteen years old at the time of the events involved in this case.

[4] The facts do not indicate that either defendant before us acted in a "wilful, wanton, or reckless" manner. The Legislature has provided that a person or entity licensed to sell alcoholic beverages, or serving alcohol as an incident to its business, shall not be liable for the negligent serving of alcohol to an intoxicated person who injures himself "in the absence of wilful, wanton, or reckless conduct on the part of the licensee or such person or entity." G. L. c. 231, § 85T (1992 ed.). Because of this statement of public policy limiting the liability of a commercial server of alcoholic beverages to an intoxicated customer who injures himself, it is unlikely that this court would hold a social host to a stricter standard.

be treated as an adult in the criminal justice system (G. L. c. 119, §§ 52 and 74 [1992 ed.]).

This case is different from cases in which an innocent third party is injured by the negligence of an intoxicated guest. See *McGuiggan* v. *New England Tel. & Tel. Co.*, 398 Mass. 152, 162 (1986). The reasons for establishing social host liability to a third person injured by the negligence of an intoxicated guest in certain circumstances simply do not apply to the claim of an intoxicated guest who injures himself. See *Manning* v. *Nobile, supra* at 391-393. Hamilton's voluntary consumption of alcohol forecloses the existence of any duty owed to him by the defendants Ganias and Haglund.

We have intentionally abstained from relying on the particular circumstance of Hamilton's consumption of alcohol and of his motor vehicle accident because they are not important to our conclusion. The judgment for Ganias was entered after allowance of his motion to dismiss; the judgment for Haglund was a summary judgment.[5] It makes no difference that the appellate records and the trial court procedures as to each defendant differed.

*Judgments affirmed.*

---

[5]From the summary judgment record it appears that, in the course of a night of drinking alcoholic beverages, some consumed at each defendant's residence, Hamilton did not operate a motor vehicle until after he had been taken home at 3:30 A.M. At approximately 5 A.M., Hamilton drove his motorcycle into a stone wall and sustained serious injuries.