MICHAEL PANAGAKOS & another[1] *vs.* JOHN WALSH & another.[2]

Bristol. March 5, 2001. - June 19, 2001.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Joint Tortfeasors. Contribution. Negligence,* Serving alcoholic liquors to guest. *Alcoholic Liquors,* Liability of host.

This court held that three social companions of an eighteen year old underage drinker, who facilitated his access to alcohol at a bar by supplying him with a falsified identification overstating his age, had no duty to prevent him from suffering the consequences of his self-inflicted intoxication, and that, since the estate of the eighteen year old did not have a claim for wrongful death against the social companions, the owner and operator of the bar had no right of contribution against them. [354-357]

CIVIL ACTION commenced in the Superior Court Department on July 3, 1996.

The case was heard by *Constance M. Sweeney,* J., on motions to dismiss.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Francis M. Lynch* for John Walsh.

*Andre A. Sansoucy* for Jennifer Devine.

*Anthony C. Savastano* for the plaintiffs.

SOSMAN, J. The plaintiffs, owner and operator of a bar, were sued by the estate of Shane Paquet for alleged wrongful death arising out of the bar's service of alcohol to Paquet when he was underage. The plaintiffs brought the present action seeking contribution from three of Paquet's companions on the night in question, alleging that they facilitated Paquet's illegal consumption of alcohol by supplying him with a falsified identification that overstated his age. The plaintiffs also claimed for misrepresentation, based on the defendants' false statements concerning Paquet's age.

---

[1] 227 Corporation.

[2] Jennifer Devine.

A judge in the Superior Court dismissed both the claim for contribution and the claim for misrepresentation. The Appeals Court, in an unpublished memorandum and order pursuant to its rule 1:28, affirmed the dismissal of the misrepresentation claim but reversed and remanded with respect to the claim for contribution. 49 Mass. App. Ct. 1108 (2000). We granted the defendants' applications for further appellate review. For the following reasons, we affirm the dismissal of the claim for contribution.

The facts alleged in the complaint are as follows. The plaintiffs operate a bar and restaurant in North Dartmouth known as Michael's. On March 10, 1993, the defendants went to Michael's with some friends, including Shane Paquet. At the time, the defendants were twenty years old, and Paquet was eighteen years old. The defendants gained access to Michael's and procured alcoholic beverages for themselves and Paquet by using altered identification cards or altered drivers' licenses that misrepresented their respective ages. The defendants provided Paquet with alcoholic beverages, both at Michael's and at other locations. As a result, Paquet became intoxicated. Approximately two hours after the group left Michael's, Paquet was killed when he was walking on a highway. The complaint alleges that Paquet's intoxication caused or contributed to his death.[3] Paquet's estate sued the plaintiffs for having served Paquet alcoholic beverages at Michael's.

Based on these facts, the complaint summarizes its theory of contribution as follows: "Defendants negligently failed to care for Shane Paquet, after he left Michael's, and they further failed to safely deliver Shane to a place where he would not suffer bodily harm. At the time, having contributed to Shane Paquet's condition, Defendants were under a duty to see that Shane Paquet was brought to a safe place. Defendants did not do so."

In order to state a claim for contribution from a joint tort-feasor, the party seeking contribution must show that the potential

_____

[3] The fatal accident occurred at a location over two miles from the location where the defendants had left Paquet. The complaint does not allege that there was anything inherently dangerous about the location at which the group left Paquet. Rather, the only danger alluded to in the complaint was the danger of being out alone while intoxicated.

contributor is directly liable to the tort plaintiff. *Liberty Mut. Ins. Co.* v. *Westerlind,* 374 Mass. 524, 526 (1978), citing *O'Mara* v. *H.P. Hood & Sons,* 359 Mass. 235, 237-238 (1971). Thus, the issue in the present appeal is whether the estate of Shane Paquet would have a viable claim for wrongful death against the companions who facilitated Paquet's access to alcoholic beverages that night.

The answer to that question is controlled by *Hamilton* v. *Ganias,* 417 Mass. 666 (1994), in which we held that an adult but underage drinker who was later injured as a result of his intoxication could not bring a claim against the social hosts who had supplied him with alcoholic beverages. Relying on *Manning* v. *Nobile,* 411 Mass. 382 (1991), which denied social host liability to an intoxicated adult guest, this court held that the plaintiff, "although an underage drinker, was an adult (G. L. c. 4, § 7, Fiftieth [1992 ed.]), who was responsible for his own conduct and injured himself." *Hamilton* v. *Ganias, supra* at 667. An adult but underage drinker's voluntary consumption of alcohol "forecloses the existence of any duty owed to him by the [social host] defendants." *Id.* at 668.

Paquet was an adult, having reached the age of eighteen years. G. L. c. 4, § 7, Fiftieth; G. L. c. 231, § 85P. Under *Hamilton* v. *Ganias, supra,* Paquet's companions would not be liable to Paquet's estate for having served him alcoholic beverages. Where the defendants would not be held liable to Paquet's estate even if they had directly supplied liquor to Paquet, they will not be held liable for facilitating Paquet's acquisition of liquor from some other source. That the method of providing Paquet with alcoholic beverages was more devious and circuitous than direct service to him does not give rise to a new form of social host liability.[4]

The plaintiffs seek to avoid this precedent by asking us to

---

[4]Direct provision of alcohol to a person under age twenty-one violates G. L. c. 138, § 34. A knowing misrepresentation as to the age of a person who is under twenty-one years of age in order to procure the sale or delivery of alcohol to that underage person violates G. L. c. 138, § 34A. The fact that the defendants in *Hamilton* v. *Ganias,* 417 Mass. 666 (1994), violated G. L. c. 138, § 34, did not give rise to a duty to the intoxicated person, nor would the violation of G. L. c. 138, § 34A, in the present case give rise to a duty to Paquet. "Violations of the Commonwealth's liquor laws concerning minors

adopt the principles of law found in the Restatement (Second) of Torts § 321 or § 322 (1965), and thereby impose a duty on the defendants.[5] Under § 321, "[i]f the actor does an act, and subsequently realizes or should realize that it has created an unreasonable risk of causing physical harm to another, he is under a duty to exercise reasonable care to prevent the risk from taking effect." Similarly, under § 322, "[i]f the actor knows or has reason to know that by his conduct, whether tortious or innocent, he has caused such bodily harm to another as to make him helpless and in danger of further harm, the actor is under a duty to exercise reasonable care to prevent such further harm." The plaintiffs argue that the defendants' conduct in facilitating Paquet's acquisition of alcoholic beverages created an unreasonable risk of physical harm and that the defendants realized or should have realized that their conduct had created such a risk. Therefore, they argue, § 321 imposes a duty of reasonable care to prevent that risk of physical harm from materializing. In the alternative, they contend that the defendants' conduct rendered Paquet helpless and in danger of further harm, and that § 322 imposed a duty on the defendants to prevent further harm to Paquet.

To date, we have not recognized the duties imposed by either § 321 or § 322, see *Parent* v. *Stone & Webster Eng'g Corp.*, 408 Mass. 108, 112 n.6 (1990), and we need not decide today whether to adopt the legal principles set forth in either or both of those Restatement sections. Even if we were to adopt the general principles of § 321 or § 322, the application of such principles to the facts of the present case would effectively overrule *Hamilton* v. *Ganias, supra,* and *Manning* v. *Nobile, supra,* a step we are disinclined to take. A social host who provides liquor to an underage drinker or to an already intoxicated drinker

'do not expressly or implicitly grant an independent ground for civil liability.' " *Cremins* v. *Clancy,* 415 Mass. 289, 295 (1993), quoting *Ulwick* v. *DeChristopher,* 411 Mass. 401, 408 (1991).

[5]They also suggest that we should find a duty based on the "special relationship" between the defendants and Paquet, that "special relationship" consisting of their status as "companions on a social venture." The plaintiffs cite no authority for treating "companions on a social venture" as having a "special relationship" that would impose any added duty on the participants, and we decline to recognize such a "special relationship."

would or should realize that doing so "create[s] an unreasonable risk of causing physical harm" to that drinker. Restatement (Second) of Torts, *supra* at § 321. Imposition of a duty to use reasonable care to prevent the drinker from suffering the consequences of any resulting intoxication would be directly contrary to *Hamilton* v. *Ganias, supra,* and *Manning* v. *Nobile, supra.* Similarly, a social host who provides liquor to an underage drinker or to an already intoxicated drinker may render the drinker "helpless and in danger of further harm" from intoxication. Restatement (Second) of Torts, *supra* at § 322. The imposition of a duty to use reasonable care to prevent that further harm would also be directly contrary to *Hamilton* v. *Ganias, supra,* and *Manning* v. *Nobile, supra.*[6]

Paquet, as an adult drinker, was responsible for his own conduct, and the social companions who helped him acquire alcoholic beverages did not owe him any duty to prevent him from suffering the consequences of that self-inflicted intoxication. *Hamilton* v. *Ganias, supra* at 667. While we do not condone the defendants' conduct in violating various laws concerning the provision of alcohol to underage persons (see note 4, *supra*), those violations do not make them liable to Paquet's estate and therefore do not make them liable for contribution.

*Judgment affirmed.*

---

[6]The Appeals Court correctly ruled that *Hamilton* v. *Ganias, supra* at 667, 668, precluded the imposition of "social host" liability in this case, but erroneously held that § 321 or § 322 created theories of liability separate and apart from "social host" liability. The principles of *Hamilton* v. *Ganias, supra,* and *Manning* v. *Nobile,* 411 Mass. 382 (1991), govern, regardless of the label put on the duty allegedly breached.