COMMONWEALTH vs. BRENDAN KNERAM.

No. 04-P-361.

Essex. December 15, 2004. - April 29, 2005.

Present: KANTROWITZ, DOERFER, & KAFKER, JJ.

*Alcoholic Liquors. Statute,* Construction. *Practice, Criminal,* Postconviction
relief. *Words,* "Whoever."

This court concluded that the term "whoever," as used in G. L. c. 138, § 34
(which provides, inter alia, that "whoever" furnishes alcohol to a person
under twenty-one years of age will be punished), did not limit the class of
offenders under that provision to persons twenty-one years old or older,
where the meaning of the term was unambiguous, where the legislative
history of the statute evidenced no legislative intent so to limit the class,
and where the internal consistency of that statute as a whole and related
statutes (i.e., those dealing with the consumption of alcohol by minors) did
not require such a construction. [374-378]

COMPLAINT received and sworn to in the Newburyport Divi-
sion of the District Court Department on January 15, 2003.

A plea of guilty was accepted by *Peter F. Doyle,* J., and a
motion for postconviction relief was heard by him.

*Michael L. Altman* (*Jo Ann Citron* with him) for the
defendant.

*Gregory I. Massing,* Assistant District Attorney, for the
Commonwealth.

KANTROWITZ, J. In this tragic case, we hold that "whoever," as
used in G. L. c. 138, § 34 (furnishing alcohol to a person under
twenty-one), means precisely that. As such, the defendant, a
young college student with no criminal record, will serve a jail
sentence, the sadness of which is overshadowed by the death of
a sixteen year old child struck by another to whom the defendant
furnished alcohol.

*Background.* The defendant pleaded guilty to one count of
violating G. L. c. 138, § 34, for furnishing alcoholic beverages

to a person under twenty-one years of age, and was sentenced to one year of imprisonment, six months to be served and the balance suspended. On appeal, the defendant argues (1) that his conviction must be reversed because the statute does not apply to persons under twenty-one years old; and (2) that the trial court erred when it accepted a plea to a crime that did not apply to him.

*Facts.* On January 7, 2003, the defendant, a nineteen year old freshman at Syracuse University, was spending his winter break at his parent's home in Newburyport. His parents were not home that evening, and after collecting money from three friends, each also nineteen years old, he drove to Seabrook, New Hampshire, and purchased a case of beer from a convenience store. The defendant returned to Newburyport, and he and his friends drank the beer until the defendant's mother phoned, telling him of her imminent arrival. The group prepared to meet elsewhere.

The defendant had anticipated driving and had therefore not consumed as much alcohol as the others. As they prepared to leave, he noticed that his friend, William White, was too drunk to drive and offered to drive him. White had drunk eight to ten beers at the defendant's house in addition to red wine that he had earlier consumed. Refusing to heed the defendant's warnings that he should not drive, White drove off alone. Soon after, he hit two pedestrians, sixteen year old Trista Zinck and seventeen year old Neil Bornstein, killing her and seriously injuring him. A week later, the defendant was charged with a violation of G. L. c. 138, § 34. He pleaded guilty to that charge on August 1, 2003.

On August 8, 2003, the defendant, now with new counsel, filed a motion for postconviction relief under Mass.R.Crim.P. 30, as appearing in 435 Mass. 1501 (2001), seeking release from imprisonment and/or a new trial. He argued that the guilty plea was constitutionally invalid because he did not know that the statute under which he was charged did not apply to him. The judge denied the motion[1] in a memorandum of decision, finding:

---

[1]The defendant's sentence was stayed by a justice of this court.

> "The plain language of the statute is clear. Section 34 states that 'whoever' engages in the proscribed conduct shall be punished. Whoever is defined as 'whatever person' or 'whoever.' The defendant certainly falls into that category. There is no indication in the statute that it applies only to individuals 21 or over. Had the legislature intended that the statute appl[y] only to individuals 21 or over, the statute could very easily have been worded in that precise language."

We agree with that assessment.

*The law.* General Laws c. 138, § 34, is a patchwork of several related, but distinct, provisions.[2] At issue in this appeal is the so-called "furnishing" provision, which the Legislature inserted deep into the existing text in 2000 as the result of an emergency act known as the Social Host Act. That provision states, in pertinent part, that:

> "[W]hoever furnishes . . . alcohol for a person under 21 years of age shall be punished by a fine of not more than $2,000 or by imprisonment for not more than one year or both. . . . For the purpose of this section the word 'furnish' shall mean to knowingly or intentionally supply, give, or provide to or allow a person under 21 years of age except for the children and grandchildren of the person being charged to possess alcoholic beverages on premises or property owned or controlled by the person charged."

G. L. c. 138, § 34, inserted by St. 2000, c. 175. This portion of § 34 was enacted in response to public outcry over a series of drunk driving incidents that occurred after parties at private homes.

"Whoever" is not specifically defined in this statute. A definition of "whoever," although no more helpful for our purposes, does appear in the definitions provision of the General Laws. There, "whoever," apparently interchangeable with the term "person," is defined only through the direction that it "shall include corporations, societies, associations and partnerships." G. L. c. 4, § 7, cl. twenty-third.

---

[2]Most of G. L. c. 138, § 34, concerns eligibility for licenses to sell alcoholic beverages, and the imposition of criminal penalties associated with selling or delivering alcoholic beverages to persons under age twenty-one.

*The defendant's contention.* The defendant advances a multi-layered argument that the furnishing provision of G. L. c. 138, § 34, punishes only adults over the age of twenty-one for furnishing alcohol to those under twenty-one.[3] For the defendant to succeed, we must first agree with him that the term "whoever," as used in the statute, is ambiguous. If that hurdle is overcome, he directs us to the legislative history of § 34, where he suggests we will find a clear legislative intent to limit the class of offenders under the statute to persons twenty-one or older. To augment his argument, he further claims that the "internal consistency" of §§ 34, 34A, and 34C of G. L. c. 138, read as a whole,[4] manifests a legislative intent that the applicable class of offenders was persons twenty-one or older,[5] and that the history of the furnishing amendment indicates an express intent not to alter this statutory scheme. As a fallback, the defendant argues that under the lenity rule, we must resolve any statutory ambiguity in his favor. The defendant concludes that as the furnishing provision of § 34 does not apply to persons under twenty-one, the trial court committed reversible error by accepting the defendant's guilty plea without a factual basis to support it.

*Discussion.* "It is elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, . . . the sole function of the courts is to enforce it according to its terms." *James J. Welch & Co.* v. *Deputy Commr. of Capital Planning & Opera-*

---

[3]The Commonwealth concedes in its brief that if we hold that persons under twenty-one cannot be punished under the furnishing provision of G. L. c. 13, § 34, the defendant would be entitled to a dismissal of the complaint.

[4]See G. L. c. 138, § 34 (licensing; establishments; sale, delivery or furnishing alcohol to persons under twenty-one; employment of persons under eighteen); § 34A (persons under twenty-one purchasing alcohol); § 34C (persons under twenty-one possessing, transporting or carrying alcohol).

[5]More specifically, the defendant argues that §§ 34, 34A, and 34C of G. L. c. 138 were designed to "address the problem of the consumption of alcohol by minors." He observes that § 34A criminalizes the purchase of alcohol by persons under twenty-one, and that § 34C makes it a crime for a person under twenty-one to transport alcohol. The penalties for violation of those provisions, he points out, are far less severe than that in the furnishing provision. We should therefore conclude, according to the defendant, that only adults are subject to the more severe penalties of § 34.

*tions*, 387 Mass. 662, 666 (1982), quoting from *Caminetti* v. *United States*, 242 U.S. 470, 485 (1917).

We agree with the motion judge and the Commonwealth that the meaning of "whoever," as employed in § 34, is plain. "We derive the words' usual and accepted meanings from sources presumably known to the statute's enactors, such as their use in other legal contexts and dictionary definitions." *Commonwealth* v. *Zone Book, Inc.*, 372 Mass. 366, 369 (1977). "Whoever" is defined as "whatever person: any person at all: no matter who." Webster's Third New Int'l Dictionary 2611 (2002). "Person," whose meaning is the same as "whoever" under our statutory scheme, is defined as "an individual human being." *Id.* at 1686. No distinction is made between an "adult" person and a "minor" person. One could reasonably conclude, therefore, that when the Legislature used the term "whoever," without a qualifier, it intended it to apply to all persons, and not just those over twenty-one.[6]

The defendant insists that the statute should effectively be read "whoever, *being age twenty-one or over.*" Suffice it to observe a bedrock rule of statutory construction that "[a] court may not add words to a statute that the Legislature did not put there." *Commonwealth* v. *Clerk-Magistrate of the W. Roxbury Div. of the Dist. Ct. Dept.*, 439 Mass. 352, 355 (2003).

"Whoever" is a term commonly used in criminal statutes in this Commonwealth. General Laws c. 265, § 23, for instance, which deals with statutory rape, uses the term "whoever" to describe the applicable class of persons punishable under the statute. No modifier follows "whoever," and it has been construed to pertain to persons under the age of fourteen. See *Commonwealth* v. *Walter R.*, 414 Mass. 714, 717-719 (1993) (common-law presumption that a fourteen year old is incapable of committing rape invalid).[7]

When language is absent from a statute that the Legislature

---

[6]We note that "adult" is defined in G. L. c. 4, § 7, cl. fiftieth, inserted by St. 1973, c. 925, § 1, as "any person who has attained the age of eighteen."

[7]Numerous other criminal statutes employ similar terminology. See, e.g., G. L. c. 140, § 197, as appearing in St. 1973, c. 925, § 53 ("Whoever, himself or by his servant or agent, admits a child under fourteen to any licensed show or place of amusement . . . shall . . . be punished"); G. L. c. 140, § 130, as amended through St. 1998, c. 180, § 38 ("whoever sells or furnishes to any

easily could have supplied, and in fact did supply in similar statutes, we can only conclude that the omission was intentional. See *Doe* v. *Superintendent of Schs. of Worcester*, 421 Mass. 117, 128 (1995). "If the Legislature intentionally omits language from a statute, no court can supply it."[8] *Ibid.* There are several other statutes that do, in fact, insert a qualifier after the term "whoever." See, e.g., G. L. c. 272, § 36A, inserted by St. 1963, c. 203 ("Whoever, having arrived at the age of sixteen years"); G. L. c. 265, § 22A, as amended by St. 1973, c. 925, § 77 ("whoever over the age of eighteen commits a second or subsequent offense"). Even within c. 138, the Legislature specifically narrowed the class of offenders identified as "whoever" or "any person" by inserting modifiers after those terms. See, e.g., G. L. c. 138, § 34A, as amended through St. 1984, c. 312, § 6 ("Any person under twenty-one years of age who purchases . . . alcoholic beverages . . . shall be punished"); G. L. c. 138, § 34C, as amended through St. 1992, c. 110 ("Whoever, being under twenty-one years of age . . . knowingly possesses . . . any alcohol . . . shall be punished").

We also reject the defendant's argument that reading the provision in light of the entire statute requires a conclusion that the Legislature intended application only to persons twenty-one years or older. The defendant contends that G. L. c. 138, § 34, is "a licensing statute," and that because a person must be twenty-one or older to hold a liquor license, the entirety of the statute therefore applies only to persons over twenty-one. We disagree. Whatever § 34's original purpose when enacted, it has evolved over the years and no longer applies only to licensees. As the Commonwealth asserts, the first clause of the second sentence of § 34 was amended in 1980 by striking the

person under 21 years of age a firearm or large capacity rifle or shotgun or ammunition therefor shall have his license to sell firearms, rifles, shotguns, machine guns and or ammunition revoked . . . and shall be punished"); G. L. c. 270, § 6, as amended by St. 1985, c. 345 ("Whoever . . . not being his parent or guardian, gives a cigarette, chewing tobacco, snuff or tobacco in any of its forms to any person under the age of eighteen shall be punished").

[8]There are circumstances, however, in which a strict reading of a statute leads to an absurd result. In such an instance, a deviation is justified so long as it "preserve[s] the substance of a statute rather than diminish[es] it." *Dillon* v. *Massachusetts Bay Transp. Authy.*, 49 Mass. App. Ct. 309 (2000). See *Brittle* v. *Boston*, 439 Mass. 580, 585 (2003).

phrase "being licensed under this chapter," which had previously followed "whoever." See St. 1980, c. 193. Furthermore, the furnishing provision at issue here plainly is not limited to licensees, but imposes criminal punishment on "whoever." Thus, even when read in context, we find it untenable that only persons twenty-one or over were the sole intended class of offenders punishable under G. L. c. 138, § 34.[9]

Finally, it appears clear that the intent in passing this legislation was to hold persons criminally responsible for furnishing those under twenty-one with alcohol. The defendant's interpretation would create a loophole, permitting, for example, a twenty year old college student to hold a party in his dorm room or apartment and furnish alcohol there to those under twenty-one, a result the Legislature would hardly endorse. See *White* v. *Boston*, 428 Mass. 250, 253 (1998).[10]

"The Legislature has granted substantial rights to and has placed substantial obligations on people who are nineteen years old." *Hamilton* v. *Ganias*, 417 Mass. 666, 667 (1994). A nineteen year old is "old enough to vote, to make a valid will, to enter into valid contracts, to get married without parental

---

[9]We thus reject the defendant's contention that G. L. c. 138, § 34 (furnishing alcohol), when read in conjunction with § 34A (purchasing alcohol) and § 34C (transporting alcohol), mandates a conclusion that it involves offenders twenty-one or over. Sections 34A and 34C by their explicit terms restrict potential defendants to those under twenty-one; conversely, § 34 has no such qualifier.

[10]The defendant does not argue that he did not control the property or premises in question, i.e., his home. He does argue that if he furnished the alcohol outside of his house, say at a park or the home of another, the statute would not apply; that § 34C (transporting alcohol, which carries a fine) would apply; and that it is thus unfair for § 34 to apply here given the potential for jail as opposed to merely a fine. The Commonwealth, at oral argument, conceded that the furnishing provision of § 34 is limited to the premises or property controlled by the one providing or furnishing the alcohol.

As to the unfairness argument, that two statutes may punish similar conduct yet impose different penalties does not violate any rights of the defendant. See *Commonwealth* v. *Fitta*, 391 Mass. 394, 397 (1984) (holding disparity of sentences proscribed by statutes for indecent exposure, G. L. c. 272, § 53, and open and gross lewdness and lascivious behavior, G. L. c. 272, § 16, not violative of due process); *Commonwealth* v. *Hudson*, 404 Mass. 282, 288 (1989) ("The fact that the same conduct could be prosecuted under two statutes, each with different maximum penalties, does not violate the notice requirements of due process").

consent, to serve on a jury, to work on any job, for as many hours as he wished, to buy and carry a firearm,[11] and to be treated as an adult in the criminal justice system" (citations omitted). *Id.* at 667-668. To this list, the Legislature has added the responsibility of not furnishing alcohol to those under twenty-one.

*Judgment affirmed.*

*Order denying motion for post-conviction relief affirmed.*

---

[11]At the time of the decision in *Hamilton* v. *Ganias*, G. L. c. 140, § 131 (license to carry a firearm), permitted persons eighteen and over to carry a firearm. The statute was subsequently amended in 1998, St. 1998, c. 180, § 41, increasing the age from eighteen to twenty-one. See *Commonwealth* v. *Barros*, 435 Mass. 171, 179 n.1 (2001). In contrast, an applicant for a firearm identification card need only be fifteen or older (with permission of his parent if under eighteen). G. L. c. 140, § 129B(1).