Hopkins, Merita A., J.
This action arises from the alleged failure of defendants Icebreaker, Inc. (“Icebreaker”) and David Solomont (“Solomont”) to pay salary due to plaintiff James G. Nilsson (the “plaintiff’). Plaintiff filed in this court a complaint, which provides the following claims: failure to pay compensation in violation of G.L.c. 149, §§148-50 (Count One); breach of contract (Count Two); fraudulent inducement (Count Three); violation of G.L.c. 93A, §§2, 11 (Count Four); and, equitable attachment (Count Five). Defendant Solomont then filed in this court a third-party complaint claiming contribution against Edward Wagner (“Wagner”).
Third-party defendant Wagner has moved this court, pursuant to Mass.R.Civ.P. 12(b)(6) to dismiss Solomont’s third-party complaint. Solomont opposes this motion. For the following reasons, Wagner’s motion to dismiss is ALLOWED.

BACKGROUND

Third-party defendant Wagner has filed his motion to dismiss pursuant to Mass.R.Civ.P. 12(b)(6). Therefore, this court reads the following facts, as alleged in the third-party complaint, as true for present purposes. Gen. Motors Acceptance Corp. v. Abington Cas. Ins. Co., 413 Mass. 583, 584 (1992).
Icebreaker was a Delaware corporation that allegedly received the services of plaintiff Nilsson from 1998 to 2002. Third-party defendant Wagner was the president of Icebreaker during those years.
Defendant Solomont denies any liability to plaintiff Nilsson. However, paragraph eight of Solomont’s third-party complaint provides:
[I]f judgment is entered against Solomont with respect to Nilsson, Solomont is entitled to contribution from Wagner because Wagner was the President of Icebreaker for the period of time from 1998 to 2002 and would be liable to Nilsson for all and/or part of the claims set forth in Nilsson’s complaint.

DISCUSSION

A motion to dismiss should be allowed only if “it appears beyond doubt that the plaintiff can prove no *513 set of facts in support of his claim which would entitle him to relief.” Gen. Motors Acceptance Corp., 413 Mass. at 584.
The sole claim of Solomont’s third-party complaint is for contribution. The right of contribution is statutory. Section 1 of chapter 23IB of the General Laws provides to two or more joint tortfeasors a right of contribution.[2]
Where the underlying claim does not sound in tort, the defendant does not have a right to contribution. Dighton v. Fed Pac. Elec. Co.; SERT, Jackson & Assoc., 399 Mass. 687, 691 (1987). See Wolfe v. Ford Motor Co., 386 Mass. 95, 99 (1982) (“In determining whether a particular statutory action supports a claim for contribution under M.G.L.c. 23 IB, a court must look to whether the underlying claim is in essence, a tort claim”). Further, “Ii]n order to state a claim for contribution, from a joint tortfeasor, the parly seeking contribution must show that the potential contributor is directly liable to the tort plaintiff.” Pangakos v. Walsh, 434 Mass. 353, 354-55 (2001).

I. Count One (G.L.c. 231B, §1) and Count Two (Breach of Contract)

Count One of Nilsson’s complaint provides a claim of a violation of G.L.c. 149, §§148-50 (the Wage Act), arising from an employment agreement. Defendant Solomont does not have a right to contribution as to Count One, which sounds in contract rather than tort. See Rosati v. Boston Pipe Covering, Inc., 434 Mass. 349 (2001) (claim under Wage Act is action sounding in contract). Also see Dighton, 399 Mass. at 691 (“Without liability in tort, there is no right of contribution”).
Count Two of Nilsson’s complaint provides a claim of breach of contract. Defendant Solomont does not have a right to contribution as to Count Two, which sounds in contract rather than tort. Dighton, 399 Mass. at 691.

II.Count Three (Fraudulent Inducement)

Count Three of Nilsson’s complaint provides a claim of fraudulent inducement. Defendant Solomont does not have a right to contribution as to Count Three because he has not alleged facts showing that third-party defendant Wagner is directly liable to the plaintiff. Pangakos, 434 Mass. at 354-55. See Refrigeration Discount Corp. v. Catino, 330 Mass. 230, 235 (1953) (“An officer of a corporation does not incur personal liability for a tort committed by a corporation or by one of its officers merely by virtue of the office which he holds in the corporation”). Also see Lyon v. Morphew, 424 Mass. 828, 831 (1997) (“Officers and employees of a corporation do not incur personal liability for torts committed by their employer merely by virtue of the position they hold in the corporation”).

III.Count Four (G.L.C. 93A)

Count Four of Nilsson’s complaint provides a claim for violation of G.L.c. 93A, §§2 arising from Nilsson’s employment relationship with the defendants. Employment relationships do not fall under commercial activities for purposes of G.L.c. 93A. Linkage Corp. v. Trustees of Boston Univ., 425 Mass. 1, 30 n.33 (1997); Manning v. Zuckerman, 388 Mass. 8, 15 (1983). Defendant Solomont does not have a right to contribution as to Count Four because he cannot show that Wagner is directly liable to the plaintiff. Pangakos, 434 Mass. at 354-55.

TV. Count Five (Equitable Attachment)

Count Five of Nilsson’s complaint provides a claim, pursuant to G.L.c. 214, §§3(6) and 3(7), to enjoin Solomont from transferring his interests in particular corporations and partnerships, and to order Solomont to hold those interests to be reached and applied in satisfaction of Nilsson’s judgment. The theory of contribution does not apply to such a claim for equitable relief.

ORDER

For the foregoing reasons, after careful consideration, the third-party defendant Edward Wagner’s motion to dismiss David Solomont’s third-party complaint is ALLOWED.

Section 1 of chapter 23 IB of the General Laws provides in relevant part:
[Wjhere two or more persons become jointly liable in tort for the same injury to person or property, there shall be a right of contribution among them even though judgment has not been recovered against all or any of them.