ROBERT E. NUNEZ, SECOND *vs.* CARRABBA'S ITALIAN GRILL, INC., & another.[1]

Suffolk. December 4, 2006. - January 9, 2007.

Present: MARSHALL, C.J., GREANEY, IRELAND, SPINA, COWIN, SOSMAN, & CORDY, JJ.

*Practice, Civil,* Summary judgment. *Alcoholic Liquors,* Sale to underage adult. *Negligence,* Alcoholic liquors, Duty to prevent harm, Sale of liquor, Standard of care.

In a civil action brought by an adult, but underage, plaintiff against a licensed commercial establishment for injuries the plaintiff sustained as a consequence of that establishment's furnishing of alcoholic beverages to him, the plaintiff marshaled sufficient facts to withstand the defendants' motion for summary judgment, where he established that the actions of the defendants were negligent in that they knew or had reason to know that he was under twenty-one years of age and that, as a consequence, he was injured. [174-178]

CIVIL ACTION commenced in the Superior Court Department on July 1, 2003.

The case was heard by *Ralph D. Gants,* J., on motions for summary judgment.

Leave to prosecute an interlocutory appeal was allowed in the Appeals Court by *Charlotte Anne Perretta,* J.

The Supreme Judicial Court granted an application for direct appellate review.

*Richard I. Clayman (John L. Dodge* with him) for the plaintiff.

*Roger A. Emanuelson* for Carrabba's Italian Grill, Inc.

*Thomas Drechsler* for Saugus Concessions, Inc.

SPINA, J. In this summary judgment action now before us on direct appellate review, we answer the following question left open in *Tobin* v. *Norwood Country Club, Inc.,* 422 Mass. 126 (1996). What is the legal responsibility of a licensed commercial

[1]Saugus Concessions, Inc., doing business as The Palace.

establishment for injuries sustained by an adult, but underage, patron[2] as a consequence of that establishment's furnishing alcoholic beverages to such patron? We conclude that in a civil action against the licensed commercial establishment, the injured plaintiff need not prove wilful, wanton, or reckless conduct on the part of the establishment, but may prevail on a showing that the establishment was negligent in serving alcoholic beverages to the underage patron.

1. *Background.* We set forth the facts in the light most favorable to the plaintiff. At approximately 7 P.M. on May 10, 2002, the plaintiff, who was eighteen years old at the time, went to Carrabba's Italian Grill, Inc. (Carrabba's), a restaurant in Peabody, with a friend. He had previously worked there as a waiter and knew many of the employees. During the next two hours, the plaintiff ate dinner and drank six alcoholic beverages, which were served to him by a bartender who had known the plaintiff since high school. Because the plaintiff was friendly with the staff at Carrabba's, he was not asked to pay for his drinks or dinner.

Around 9:30 P.M., the plaintiff left Carrabba's and drove home. He did not recall having any difficulty walking or driving, but the plaintiff vomited after he arrived home. Nonetheless, after taking a shower, the plaintiff left his house to go to the Palace, a nightclub in Saugus, arriving around 11:30 P.M. He had previously done promotional work for the nightclub and knew many of the employees, including the bartender on duty that night, whom the plaintiff had been going to see. The plaintiff later testified at a deposition that he had been to the Palace on more than thirty prior occasions. On the first several occasions, he had presented a false identification to the bouncer to gain entry, but once he became familiar to the employees, he no longer did so. Thus, when the plaintiff entered the Palace on May 10, 2002, he greeted the bouncer and proceeded inside without showing his false identification. The plaintiff also had a plastic bracelet that the nightclub gave to customers who were

[2]Pursuant to G. L. c. 4, § 7, Fiftieth, an "adult" is defined as "any person who has attained the age of eighteen." A "[m]inor" is defined as "any person under eighteen years of age." G. L. c. 4, § 7, Forty-eighth. The legal drinking age in Massachusetts is twenty-one years. See G. L. c. 138, § 34.

at least twenty-one years old and could legally drink alcoholic beverages. While at the nightclub that evening, the plaintiff consumed one or two alcoholic beverages that were served to him by the bartender.

Sometime between midnight and 1 A.M., the plaintiff left the Palace and drove to a friend's house to see whether she was home. When he did not see her car parked outside, he decided to drive home. As the plaintiff's vehicle approached the intersection of Broadway and Elwell Street in Malden, he saw a green traffic light and accelerated to fifty-five or sixty miles per hour to get through the light before it turned red. When the plaintiff entered the intersection, his vehicle was struck by another car that had failed to stop at the red light for the opposite direction. The impact caused the plaintiff's vehicle to spin and then roll over. The plaintiff was thrown out of the vehicle because he had failed to fasten his seat belt, and he sustained serious injuries. Tests performed when the plaintiff was admitted to a hospital indicated a blood alcohol level of .13, considerably above the allowable limit of .08, as set forth in G. L. c. 90, § 24 (1) (*e*). An accident reconstruction team of the State police concluded that, at the time of impact, the plaintiff had been traveling at forty-seven miles per hour, and the vehicle that hit him had been traveling at eleven miles per hour. The speed limit in the vicinity of the intersection was thirty miles per hour. The report from the State police concluded that although the plaintiff was not the cause of the accident, his excessive speed at the time of the collision may have contributed to the seriousness of his injuries.

The plaintiff commenced an action against Carrabba's and the Palace (collectively, defendants), claiming that these two establishments were negligent in serving alcoholic beverages to him, an intoxicated underage adult, and that their negligence was a contributing cause of his injuries.[3] The defendants moved for summary judgment, contending that the plaintiff had presented no evidence that they had engaged in wilful, wanton,

---

[3]Count I of the plaintiff's amended complaint set forth a claim for negligence, and Count II was predicated on strict statutory liability for the defendants' alleged violation of G. L. c. 138, § 34.

or reckless conduct, as set forth by G. L. c. 231, § 85T,[4] requiring proof of such conduct for personal injury claims based on negligent serving of alcohol to intoxicated persons. In response, the plaintiff asserted that this statute was not applicable to an adult, but underage, drinker like himself, and that the evidence was sufficient to raise a genuine issue of material fact as to the negligence of the defendants.

In a thorough and well-reasoned opinion examining the evolution of "dram shop liability" in the Commonwealth, a judge in the Superior Court allowed in part and denied in part the motions for summary judgment. With respect to the plaintiff's claim that the defendants breached their duty not to serve *an intoxicated person*, the judge opined that G. L. c. 231, § 85T, was controlling and that the plaintiff was required to prove that these establishments had served him alcohol with wilful, wanton, or reckless disregard for whether he was intoxicated. The judge concluded, as a matter of law, that the evidence, viewed in the light most favorable to the plaintiff, fell short of meeting this demanding standard, and therefore, the defendants were entitled to summary judgment with respect to this alleged breach of duty. We agree with the judge's analysis.

With respect to the plaintiff's claim that the defendants breached their duty not to serve *an underage adult*, the judge opined that G. L. c. 231, § 85T, was not applicable and that the plaintiff could prevail if he proved that these establishments served him alcohol when they knew, or reasonably should have known, that he was under twenty-one years of age and, therefore, under the legal age for drinking alcoholic beverages. Viewing the evidence in the light most favorable to the plaintiff, the judge concluded that there was a genuine issue of material fact as to the defendants' knowledge, and therefore, the defendants were not entitled to summary judgment with respect to this alleged breach of duty.

---

[4]General Laws c. 231, § 85T, provides: "In any action for personal injuries . . . caused by or arising out of the negligent serving of alcohol to an intoxicated person by a licensee . . . no such intoxicated person who causes injuries to himself, may maintain an action against the said licensee . . . in the absence of wilful, wanton, or reckless conduct on the part of the licensee . . . ."

Following the issuance of the judge's order allowing in part and denying in part the motions for summary judgment filed by the defendants, each petitioned for interlocutory relief, G. L. c. 231, § 118, first par., and a single justice of the Appeals Court granted leave to pursue an interlocutory appeal from the judge's order. Carrabba's then filed an application for direct appellate review with this court, which was granted. We now consider what duty of care a licensed commercial establishment selling alcoholic beverages owes to an adult, but underage, patron.

2. *Standard of review.* We begin with the familiar principle that the standard of review on summary judgment "is whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law." *Augat, Inc.* v. *Liberty Mut. Ins. Co.*, 410 Mass. 117, 120 (1991). See Mass. R. Civ. P. 56 (c), as amended, 436 Mass. 1404 (2002). All evidentiary inferences must be resolved in favor of the plaintiff. See *Simplex Techs., Inc.* v. *Liberty Mut. Ins. Co.*, 429 Mass. 196, 197 (1999). Summary judgment is seldom granted in a cause of action alleging reckless or negligent conduct, but this is not an absolute rule. See *Manning* v. *Nobile*, 411 Mass. 382, 388 (1991).

3. *Liability of licensed commercial establishment.* In *Tobin* v. *Norwood Country Club, Inc.*, 422 Mass. 126, 127-129 (1996), a seventeen year old girl who was a guest at a family reunion at the Norwood Country Club consumed many alcoholic beverages at the party, had an argument with her date, left the premises on foot, and was killed when she was struck by a car on the highway where she had been walking. In the civil action brought by the decedent's parents, the Norwood Country Club argued that "no duty had been triggered by its provision of alcohol to the deceased on the night of her death." *Id.* at 132. This court disagreed, concluding that the Norwood Country Club, a commercial establishment licensed to serve alcoholic beverages to the general public, "owed the deceased minor a duty of care to refrain from making alcohol available to her, an act that unreasonably increased the risk of harm to her." *Id.* at 135.

We pointed out that an establishment licensed to sell alcohol owed separate and distinct duties to two classes of patrons: intoxicated persons and minors. *Id.* at 136. To intoxicated persons, the licensed establishment owed a duty, limited by G. L. c. 231, § 85T, to refrain from wilful, wanton, or reckless conduct, whereby the intoxicated patron's condition would be prolonged or worsened. *Id.* To minors, the licensed establishment owed a duty to refrain from serving them any alcohol, regardless whether they were intoxicated, because of the Legislature's strongly paternalistic concern about the effects of alcohol on young adults. *Id.* We further stated that G. L. c. 231, § 85T, "reflects the Legislature's unwillingness to allow a person who has voluntarily and responsibly put himself into a condition where his judgment and functioning are impaired to cast the blame on others, when he suffers injury as a result of that condition. That is a moral and a policy judgment *that does not extend to furnishing alcohol to minors*" (emphasis added). *Id.* In effect, while § 85T narrowed the duty owed to an intoxicated patron, it did not affect the duty owed to a minor. *Id.* Because the decedent in *Tobin* was a seventeen year old minor, we did not consider the duty of care owed by a licensed commercial establishment to an adult, but underage, patron, namely one between the ages of eighteen and twenty-one years. We consider that issue now.

The Legislature has consistently recognized the dangers of furnishing alcohol to young adults who have not reached the legal drinking age of twenty-one years. See, e.g., G. L. c. 138, § 12 (duly licensed common victualler not authorized to sell alcoholic beverages to patrons under twenty-one years of age); G. L. c. 138, § 34 (penalties shall be imposed for delivery of alcoholic beverages to patrons of licensed establishments who are under twenty-one years of age); G. L. c. 138, § 34A (persons under twenty-one years of age who attempt to purchase alcohol by misrepresenting their age shall be fined $300); G. L. c. 138, § 34B (persons who have reached age of twenty-one years may apply for liquor purchase identification card); G. L. c. 138, § 34C (persons between ages of eighteen and twenty-one years shall be fined for knowingly possessing, transporting, or carrying alcoholic beverages on their persons, except in course of

employment); G. L. c. 90, § 24 (1) (*e*) (where blood alcohol level of person under age of twenty-one years operating motor vehicle is .02 or higher, person's license or permit shall be suspended).

In light of these clear legislative concerns, we conclude that the duty of care that was owed to the deceased minor in the *Tobin* case should apply with equal force when the person to whom the alcohol is served is between the ages of eighteen and twenty-one years. In each instance, the person is under the legal drinking age, as clearly and plainly established by the Legislature. The statutory provision regulating the serving of liquor, G. L. c. 138, § 34, forbids the serving of alcoholic beverages to anyone under the age of twenty-one years because "they are thought to be peculiarly susceptible to the effects of alcohol and less able to make decisions about what amount of alcohol they may safely consume in various situations." *Tobin* v. *Norwood Country Club, Inc.*, *supra* at 136. See *Michnik-Zilberman* v. *Gordon's Liquor, Inc.*, 390 Mass. 6, 10 (1983). If the Legislature had deemed these concerns less significant for individuals between the ages of eighteen and twenty-one years, then it could have lowered the legal drinking age.[5] Since 1984, the legal drinking age has remained at twenty-one years, reflecting the Legislature's ongoing concerns about the effects of alcohol on young adults. The alleged facts in this case amply illustrate the seriousness and validity of those concerns.

We recognize that the Legislature has conferred significant rights on young adults who are between the ages of eighteen and twenty-one years. In *Hamilton* v. *Ganias*, 417 Mass. 666, 667-668 (1994), this court considered the duty owed by a social host to a nineteen year old guest who injured himself in a motor vehicle accident after becoming intoxicated at the social host's party. We concluded that a social host owes no duty to an adult, but underage, drinker who becomes intoxicated by the voluntary consumption of alcohol and subsequently injures himself.[6] *Id.* at

---

[5]In 1973, the legal drinking age was lowered from twenty-one to eighteen years. See St. 1973, c. 241. However, in 1979, the legal drinking age was raised to twenty years, see St. 1979, c. 15, § 2, and, in 1984, it was raised again to twenty-one years. See St. 1984, c. 312, §§ 1-3.

[6]After *Hamilton* v. *Ganias*, 417 Mass. 666 (1994), was decided, the Legislature revised G. L. c. 138, § 34, to make it a crime for anyone, includ-

667. We pointed out that "[t]he Legislature has granted substantial rights to and has placed substantial obligations on people who are nineteen years old," including the right "to vote (art. 3 of the Amendments to the Massachusetts Constitution), to make a valid will (G. L. c. 191, § 1 [1992 ed.]), to enter into valid contracts (G. L. c. 231, § 85O [1992 ed.]), to get married without parental consent (G. L. c. 207, §§ 7, 24, and 25 [1992 ed.]), to serve on a jury (G. L. c. 234, § 1 [1992 ed.]), to work on any job (G. L. c. 149, § 63 [1992 ed.]), for as many hours as he wished (G. L. c. 149, § 65 [1992 ed.]), to buy and carry a firearm (G. L. c. 140, §§ 131 and 131E [1992 ed.]),[7] and to be treated as an adult in the criminal justice system (G. L. c. 119, §§ 52 and 74 [1992 ed.])."

Notwithstanding the breadth and importance of these particular responsibilities, the Legislature has still concluded that adults between the ages of eighteen and twenty-one years, like minors, do not yet have the maturity and judgment to drink alcohol responsibly. The fact that the legal drinking age in this Commonwealth remains at twenty-one years is a clear indication that the consumption of alcohol is a right that is to be

ing a social host, to furnish alcohol to anyone under the age of twenty-one years, subject to certain specified exceptions. See G. L. c. 138, § 34, as amended by St. 2000, c. 175 ("whoever furnishes . . . alcohol for a person under 21 years of age shall be punished by a fine of not more than $2,000 or by imprisonment for not more than one year or both"). This legislative enactment did not change the common-law principle enunciated in *Hamilton* v. *Ganias*, *supra* at 667, that a social host is not liable in a civil action to an underage drinker who injures himself as a result of intoxication. See *Sampson* v. *MacDougall*, 60 Mass. App. Ct. 394, 395, 398 (2004) (social host owed no duty to eighteen year old party guest who became intoxicated, jumped off fence, and was rendered quadriplegic). Contrast *Keene* v. *Brigham & Women's Hosp., Inc.*, 439 Mass. 223, 228 n.11, 238-239 n.25 (2003) (enactment of G. L. c. 231, § 85K, abrogated common-law doctrine of charitable immunity and imposed statutory cap on tort liability of charitable corporations); *Kerins* v. *Lima*, 425 Mass. 108, 111 (1997) (enactment of G. L. c. 231, § 85G, changed common law and imposed strict liability on parent for intentional acts of child); *Commonwealth* v. *Wilkinson*, 415 Mass. 402, 407 (1993) (enactment of G. L. c. 276, §§ 11-20R, Uniform Criminal Extradition Act, abrogated common-law right of bail bondsman to seize principal for surrender).

[7]At the time of our decision in *Hamilton* v. *Ganias*, *supra*, G. L. c. 140, § 131 (license to carry firearm), permitted persons eighteen years of age and older to carry a firearm. In 1998, the statute was amended to increase the age from eighteen to twenty-one years. See St. 1998, c. 180, § 41. See also *Commonwealth* v. *Barros*, 435 Mass. 171, 179 n.1 (2001) (Sosman, J., concurring).

treated differently, and more stringently, than other rights afforded to young adults by the Legislature. Moreover, a social host like the one in *Hamilton* v. *Ganias, supra,* does not stand on the same legal footing as a commercial establishment licensed to sell alcoholic beverages to the public.[8] See *Manning* v. *Nobile,* 411 Mass. 382, 391 (1991) (setting forth reasons for refusing to impose same duty of care on social host as is imposed on licensed establishment). See also *Tobin* v. *Norwood Country Club, Inc., supra* at 135-137.

Because the plaintiff here was under the legal drinking age, he need only establish that the actions of the defendants were negligent. In other words, the plaintiff must present evidence to show that those establishments served him alcoholic beverages knowing, or having reason to know, that he was under twenty-one years of age and, as a consequence, he was injured. See *Tobin* v. *Norwood Country Club, Inc., supra* at 141 ("Negligence is based . . . on reasonable foreseeability of harm, the availability of reasonable measures to avoid that harm, and the failure to take those measures"). "Unlike the duty of taverns to refrain from serving obviously intoxicated adults, the duty to refrain from serving alcohol to youths does not depend on whether they are or appear to be intoxicated." *Christopher* v. *Father's Huddle Café, Inc.,* 57 Mass. App. Ct. 217, 223 (2003). A breach of such duty occurs "when the establishment knew or reasonably should have known that it was furnishing alcohol to [a person under the age of twenty-one years]." *Tobin* v. *Norwood Country Club, Inc., supra* at 135. Here, we conclude that the plaintiff has marshaled sufficient facts to withstand the defendants' motions for summary judgment on his claim that they breached their duty not to serve alcoholic beverages to an underage adult.

4. *Conclusion.* The order of the Superior Court granting in

---

[8]In *Tobin* v. *Norwood Country Club, Inc.,* 422 Mass. 126, 133 n.6 (1996), this court pointed out that "[t]he circumstances surrounding social host liability, as explained in *McGuiggan* v. *New England Tel. & Tel. Co.,* 398 Mass. 152, 157-158 (1986), are different from the considerations we take into account in the case of a commercial establishment. Thus, our holding . . . does not disturb any aspect of our law of social host liability." The same is true here.

part and denying in part the motions for summary judgment filed by the defendants is affirmed. This case is remanded to the Superior Court for further proceedings consistent with this opinion.[9]

*So ordered.*

---

[9]On remand, the judge or jury may consider the question whether the plaintiff was comparatively negligent in causing his own injuries such that any liability on the part of the defendants should be correspondingly reduced. See G. L. c. 231, § 85; *Tobin* v. *Norwood Country Club, Inc., supra* at 138.