Kaplan, Mitchell H., J.

INTRODUCTION

The plaintiffs, as administrators of the estate of the deceased, Brion Chamberlain, Jr. (“Brion”), seek to recover from the defendant, Daved, Inc., losses arising from Brion’s death. The action asserts claims for negligence and under the Wrongful Death Statute, G.L.c. 229, §§1 et seq. The case is before the court on Daved’s motion to dismiss for failure to state a claim under Mass.R.Civ.P. 12(b)(6). For the reasons set forth below, the motion is ALLOWED.

BACKGROUND

The complaint alleges the following. At all times relevant to this litigation, the defendant owned and operated “Charlie’s Too," presumably a bar or tavern, located at 12 Wellington Street, Worcester, Massachusetts. On or about June 24, 2006, Brion bought drugs from a third party while on the premises of Charlie’s Too. Brion later died as a result of a drug overdose when he consumed these drugs. Daved knew or should have known that illegal purchases and sales of controlled substances took place at Charlie’s Too.

DISCUSSION

When evaluating the legal sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court accepts as true all of the factual allegations of the complaint, and draws all reasonable inferences from the complaint in favor of the plaintiff. See Nader v. Citron, 372 Mass. 96, 98 (1977), abrogated on other grounds by Iannacchino v. Ford Motor Co., 451 Mass. 623 (2008). To survive a motion to dismiss, a complaint must set forth the basis for the plaintiffs entitlement to relief with “more than labels and conclusions.” Iannacchino, 451 Mass. at 636, quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). While factual allegations need not be detailed, they “must be enough to raise a right to relief above the speculative level . . . [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . .” Id. At the pleading stage, Mass.R.Civ.P. 12(b)(6) requires that the complaint set forth “factual ‘allegations plausibly suggesting (not merely consistent with)’ an entitlement to relief. . .” Id., quoting Bell Atl. Corp., 550 U.S. at 557.
The central allegation in this case is that the defendant knew or should have known that drug transactions occurred on the premises. The plaintiffs argue that their complaint should not be dismissed because the defendant owed Brion, as a lawful visitor to Charlie’s Too, a duty of reasonable care. In making this assertion, plaintiffs rely on cases such as Mounsey v. Ellard, 363 Mass. 693, 708 (1973), which hold that “[a] landowner must act as a reasonable man in maintaining his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk.” (Internal citations omitted.) As will be seen, the plaintiffs’ reliance on such cases is misplaced, and, as a matter of law, their complaint does not plausibly suggest an entitlement to relief under this theory.
In Luoni v. Berube, 431 Mass. 729 (2000), the Supreme Judicial Court considered whether under Mounsey, and similar cases, a landowner could be held liable for injuries sustained by a plaintiff who was injured by fireworks brought to his property and lit by a third party. The SJC held that the duly of a landowner to maintain his property in a reasonably safe condition “refers to preexisting physical conditions . . .” Id. at 731. The Court explained that “(t]here is no room in this branch of tort law for the plaintiffs contention that fireworks brought to a party and lit by third persons somehow constituted a physical condition on the defendants’ land ...” Id. Similarly, in this case, there is no plausible argument that the sale of drugs on the premises of Charlie’s Too by third parties constituted a physical condition to which the “reasonably safe condition” rule might apply.
Although not urged by plaintiffs, the court has considered another possible basis for asserting a claim against Daved’s on the facts alleged. An exception to the general rule requiring a dangerous physical condition on premises for landowner liability “may be found where there is a special relationship between the landowner and the plaintiff.” Id. at 731-32. Such a special relationship may be “based either on responsibilities imposed by statute or common law (or both). *287 A special relationship, when derived from common law, is predicated on a plaintiffs reasonable expectations and reliance that a defendant will anticipate harmful acts of third persons and take appropriate measures to protect the plaintiff from harm.” Id. at 732.
In this case, as no statute applies, a special relationship could only be derived from common law, and the allegations in the complaint are factually inadequate to support one. There is no allegation that any employee or agent of Daved either brought a controlled substance to Charlie’s Too or sold one to Brion. Brion could have no reasonable expectation that Daved would act to protect him from his knowing and voluntary act of purchasing illicit drugs while at Charlie’s Too. Brion also could not reasonably rely on Daved taking steps to protect him from the risk that the controlled substances that he purchased at Charlie’s Too would cause him injury or death when he ingested them some time after he left the premises, i.e., to protect him from his own knowingly dangerous actions.
The court finds support for its decision in Panagakos v. Walsh, 434 Mass. 353 (2001). In that case, the complaint alleged that the defendants had assisted their eighteen-year-old companion in procuring alcoholic beverages. He became intoxicated and was killed while walking home. Plaintiffs asserted that the defendants having assisted their friend in becoming drunk, then owed him a duty to see him safely home. The Supreme Judicial Court disagreed. Citing Hamilton v. Gomes, 417 Mass. 666 (1994), the SJC reasoned that, since the defendants would not have been liable to the deceased, an adult, if they had supplied him with liquor as social hosts, they could not be liable for procuring it for him. 434 Mass. at 355. The Court also expressly declined to recognize a “special relationship” between the deceased and his companions. Id. at 356, n.5. The tenet underlying both Panagakos and Hamilton is that an adult is responsible for his own conduct, when he voluntarily exposes himself to risk and suffers self-inflicted injury as a result — as Brion did in the instant case. Compare Flood v. Southland Corp., 416 Mass. 62, 72-73 (1993) (store owner owed duly to stabbing victim, where store owner knew about potential for violence outside store and did not provide adequate protection against a risk that was neither obvious nor self-imposed). In addition, Massachusetts courts “have never imposed tort liability on a defendant whose premises are simply used as for the consumption of alcoholic beverages, even with the defendant’s knowledge, where the defendant did not serve or supply the intoxicants.” Yakubowicz v. Paramount Pictures, Corp., 404 Mass. 624, 632-33 (1989) (grant of summary judgment for defendant movie theater operator proper where intoxicated patron fatally stabbed victim after drinking liquor smuggled into showing of The Warriors). In this case, there is no allegation that the defendant or any of its employees provided drugs to Brion. There is no support in the case law for the contention that Daved’s should be found to have a special relationship with Brion such that it could be liable for failing to protect him from his own knowingly dangerous conduct.

ORDER

For the foregoing reasons, it is hereby ORDERED that the defendant’s motion to dismiss be ALLOWED. Judgment shall enter dismissing the complaint.